

# MEMO ENDORSED

**THE CITY OF NEW YORK**

MICHAEL A. CARDOZO
*Corporation Counsel*

## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

JAY A. KRANIS
*Senior Counsel*
jkranis@law.nyc.gov
(212) 788-8683
(212) 788-9776 (fax)

December 8, 2005

Via Facsimile – (212) 805-7930
Honorable James C. Francis, IV
United States Magistrate Judge
United States Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/12/05
```

Re: Lashley Carney v. City of New York, et al., 05-CV-7672 (KMK) (JCF)
Betty Bastidas v. City of New York, et al., 05-CV-7670 (KMK) (JCF)
Coburn v. City of New York, et al., 05-CV-7623 (KMK) (JCF)
Sloan v. City of New York, et al., 05-CV-7668 (KMK) (JCF)
Sikelianos v. City of New York, et al., 05-CV-7673 (KMK) (JCF)
Phillips v. City of New York, et al., 05-CV-7624 (KMK) (JCF)
Galitzer v. City of New York, et al., 05-CV-7669 (KMK) (JCF)
Huffman v. City of New York, et al., 05-CV-7671 (KMK) (JCF)
Consolidated RNC Cases (KMK) (JCF)

Dear Judge Francis:

    I am a Senior Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for Defendant City of New York ("City") in each of the referenced cases, as well as all of the consolidated RNC cases. For the reasons set forth below, I write to respectfully request that the City's time to respond to each of the complaints in the referenced cases be extended to and including January 30, 2006. Previous requests for such relief, made with the consent of plaintiffs' counsel, were granted, and the time to answer was extended to December 12, 2005. The granting of these requests was accompanied by advice that no further extensions will be granted absent extraordinary and unforeseen circumstances. These instant requests, made without plaintiffs' counsel's consent, are necessitated by unforeseen delays in obtaining necessary documents brought about by plaintiffs' actions.

Hon. James C. Francis, IV
December 8, 2005
page 2

To be more specific, shortly after this office received the summonses and complaints, releases for the unsealing of plaintiffs' Criminal Court records and District Attorney's files were forwarded to plaintiffs' counsel. As explained in the initial requests for an extension, the releases are necessary because the records of the underlying criminal action, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50. The information in those records is necessary to properly assess the cases, and respond to the complaints.

The releases sent to plaintiffs' counsel are a form used, in general, in all cases handled by the Law Department, and, in particular, in all cases assigned to the Special Federal Litigation Division. A copy is attached. There are many thousands of such cases. The 160.50 releases have, with rare exception, been routinely executed by plaintiffs who bring suit against the City and the Police Department. This includes many plaintiffs represented by the same attorneys bringing the RNC cases. Recently, however, the §160.50 release forms returned to this office in the RNC cases (including those in the referenced cases) have been altered by plaintiffs' counsel, and contain either additions not agreed to and/or less information than is requested. For example, some plaintiffs' counsel have been removing the necessary fields for plaintiffs' social security and/or docket numbers. Some had altered releases by adding language with which plaintiffs seek to limit the use of the unsealed information to the present litigation.[1]

The alteration of this form causes extraordinarily time consuming administrative problems for this office. First, often times we cannot access the information we require because plaintiffs have deleted certain information from the form, such as the social security numbers and/or docket numbers mentioned above. Second, the terms of the altered releases must be negotiated individually with plaintiffs' counsel. There are over 79 RNC cases with more than 400 plaintiffs. This creates a nightmarish situation, leading to unnecessary delays and causing, as indicated by this letter, requests for more time from the Court to complete routine tasks such as answering the complaint.

As an example, in the referenced cases plaintiffs' counsel, Jeffrey Rothman, returned to this office altered releases. Through discussions, I was able to convince him that we had to maintain the integrity of the 160.50 releases. Because he was concerned about having to return the forms to his clients for re-execution, I agreed to cross out by hand the alterations he had made, initial each such change, forward the restored releases to Mr. Rothman for his initials, and then, after he initialed the releases and returned them to us, we in turn forwarded them to the Criminal Court and District Attorney's office. In the meantime, Mr. Rothman is in the process

---

[1] Plaintiffs' concern in this regard can be addressed without any alteration to the 160.50 releases. Counsel need only designate the requested documents as confidential pursuant to the Consolidated Protective Order.

Hon. James C. Francis, IV
December 8, 2005
page 3

of obtaining from his clients the social security numbers that he failed to provide initially. It remains unknown whether, considering all the handwritten changes that have been made to the releases, we can obtain the requisite information.

The same issues arose in Albertson v. City of New York, 05-CV-7692. After my discussions with Ms. Goodwin, she and I reached the same understanding as I had reached with Mr. Rothman. The releases returned to this office in Abdell v. City of New York et al., 05-CV-8453, a case with 148 plaintiffs, contained no docket numbers for any of the plaintiffs. The District Attorneys' could not even search its files. Mr. Spiegel, Plaintiffs' counsel, is currently obtaining the docket numbers.

It is important to note that despite not answering the complaints in the referenced cases, this office has actively engaged in discovery with plaintiffs' counsel, turned over thousands of pages of documents and allowed plaintiffs' counsel to participate in the consolidated depositions held thus far. There has therefore been no prejudice to plaintiffs.

Accordingly, defendant respectfully requests that the Court extend defendant's time to respond to the complaints in the referenced cases to and including January 30, 2006. This is sufficient time for plaintiffs' counsel to obtain the information we require from his clients, and for defendant to respond to the complaint. As was the case with the initial request, I trust that, if this request is granted, it will cover the individual defendants.

Furthermore, because the problems noted above have become endemic, with, for example, Ms. Weber, plaintiffs' counsel in 12 recently filed cases, having just returned to this office a series of altered releases from her clients, it is respectfully requested that an order be issued directly all current and future plaintiffs bound by the RNC Consolidated Discovery schedules to execute the attached §160.50 release form as it is, rather than one altered by their counsel.

Thank you.

Respectfully submitted,

Jay A. Kranis (JK 2576)
Senior Counsel

cc: Jeffrey A. Rothman, Esq. (via facsimile (212) 605-0222)
Carolyn Goodwin, Esq. (via facsimile (212) 431-3614)
Michael L Spiegel, Esq. (via facsimile (212) 571-7767)
Rose M. Weber, Esq. (via facsimile (212) 791-4149)
RNC Distribution List (via e-mail)

12/12/05

The requested extension is granted; the application to require plaintiffs to execute release forms that do not limit the use of the information obtained is denied.

SO ORDERED.
James C. Francis IV