**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------- x

LASHLEY CARNEY, RANDY XU, DELMAR
CONKLIN, DAVID BECKER, SARA HEIFETZ,
CHARITY JAMES, and HANNAH JANEWAY,

                                 Plaintiff,

              -against-

THE CITY OF NEW YORK, POLICE OFFICER
FREYRE; POLICE OFFICER RUSSELL JOHN, Shield
No. 31399; POLICE OFFICER BIENVENI MENA, Shield
No. 7584; POLICE OFFICER RAYMOND GONZALEZ,
Shield No. 10688; POLICE OFFICER STEPHEN
NELSON, Shield No. 27285; POLICE OFFICER
JOSELITO CHAPARRO, Shield No. 03429; JOHN
DOES; RICHARD ROES; HUDSON RIVER PARK
TRUST,

                                 Defendants.

-------------------------------------------------------------------------- x

           **ANSWER TO FIRST**
           **AMENDED COMPLAINT**

           05 CV 7672 (KMK)(JCF)

        Defendants City of New York, the Hudson River Park Trust, Eleanor Freyre,

Bienveni Mena, Stephen Nelson, Russell John, Raymond Gonzalez, and Jose Chaparro, by their

attorney, Michael A. Cardozo, Corporation Counsel for the City of New York, for their answer

to plaintiff's First Amended Complaint, respectfully allege as follows:

              AS TO THE "PRELIMINARY STATEMENT"

        1.     Defendants deny the allegations set forth in paragraph "1" of the Complaint,

except admit that Plaintiff purports to bring this action as stated therein.

## AS TO "JURISDICTION"

2.      Defendants deny the allegations set forth in paragraph "2" of the Complaint, except admit that Plaintiff purports to invoke the Court's jurisdiction as stated therein.

3.      Defendants deny the allegations set forth in paragraph "3" of the Complaint, except admit that Plaintiff purports to invoke the Court's jurisdiction as stated therein.

## AS TO "JURY TRIAL DEMANDED"

4.      Defendants deny the allegations set forth in paragraph "4" of the Complaint, except admit that Plaintiff demands a jury trial.

## AS TO "VENUE"

5.      Defendants deny the allegations set forth in paragraph "5" of the Complaint, except admit that Plaintiff purports that venue is proper.

## AS TO "NOTICE OF CLAIM"

6.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

## AS TO "PARTIES"

8.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15.    Defendants deny the allegations set forth in Paragraph "15" of the Complaint, except admit that the City of New York is a municipal corporation duly organized and operating under the laws of the State of New York and respectfully refer the Court to the appropriate enabling statute and the related laws of the State and City of New York for their content and meaning as to its responsibilities.

16.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint, except admit that Eleanor

Freyre, Stephen Nelson, Russell John, Raymond Gonzalez, and Jose Chaparro are employed by the City of New York.

17.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18.    Defendants deny the allegations set forth in Paragraph "18" of the Complaint, except admit that the Hudson River Park Trust ("HRPT") is a public benefit corporation and HRPT and defendant City of New York agreed that the City could use Pier 57 during the time period of the 2004 Republican National Convention ("RNC").

AS TO THE "STATEMENT OF FACTS"

19.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20.    Defendants deny the allegations set forth in paragraph "20" of the Complaint.

21.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25.    Defendants deny the allegations set forth in paragraph "25" of the Complaint.

26.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28.    Defendants deny the allegations set forth in paragraph "28" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that all plaintiffs were arrested at that location and transported to Pier 57.

29.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint, except admit that Eleanor Freyre was Lashley Carney's arresting officer.

30.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint, except admit that Russell John was Randy Xu's arresting officer.

31.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint except admit that Russell John was Hannah Janeway's arresting officer.

32.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint, except admit that Bienveni Mena was Delmar Conklin's arresting officer.

- 5 -

33.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint.

34.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint, except admit that Stephen Nelson was Sara Heifetz's arresting officer.

35.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint, except admit that Jose Chaparro was Charity James's arresting officer.

36.   Defendants deny the allegations set forth in paragraph "36" of the Complaint.

37.   Defendants deny the allegations set forth in Paragraph "37" of the Complaint, except admit that some of the individuals arrested during the time period of the RNC were processed at Pier 57.

38.   Defendants deny the allegations set forth in Paragraph "38" of the Complaint, except admit that some of the individuals arrested during the time period of the RNC were processed at Pier 57.

39.   Defendants deny the allegations set forth in paragraph "39" of the complaint

40.   Defendants deny the allegations set forth in Paragraph "40" of the Complaint, except admit that the Hudson River Park Trust ("HRPT") is a public benefit corporation and HRPT and defendant City of New York agreed that the City could use Pier 57 during the time period of the 2004 Republican National Convention ("RNC").

41.     Defendants deny the allegations set forth in paragraph "41" of the Complaint.

42.     Defendants deny the allegations set forth in paragraph "42" of the complaint.

43.     Defendants deny the allegations set forth in paragraph "43" of the complaint.

44.     Defendants deny the allegations set forth in paragraph "44" of the complaint.

45.     Defendants deny the allegations set forth in paragraph "45" of the complaint.

46.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Complaint.

47.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Complaint.

48.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Complaint.

49.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Complaint.

50.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the Complaint.

51.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Complaint.

52.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Complaint.

53.    Defendants deny the allegations set forth in paragraph "53" of the complaint.

54.    Defendants deny the allegations set forth in paragraph "54" of the complaint.

55.    Defendants deny the allegations set forth in paragraph "55" of the complaint.

56.    Defendants deny the allegations set forth in paragraph "56" of the complaint.


AS TO THE "FIRST CLAIM"

57.    In response to the allegations set forth in paragraph "57" of the Complaint,

Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully

herein.

58.    Defendants deny the allegations set forth in paragraph "58" of the Complaint.

59.    Defendants deny the allegations set forth in paragraph "59" of the Complaint.

AS TO THE "SECOND CLAIM"

60.    In response to the allegations set forth in paragraph "60" of the Complaint,

Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully

herein.

61.    Defendants deny the allegations set forth in paragraph "61" of the Complaint.

62.    Defendants deny the allegations set forth in paragraph "62" of the Complaint.

<u>AS TO THE "THIRD CLAIM"</u>

63.    In response to the allegations set forth in paragraph "63" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

64.    Defendants deny the allegations set forth in paragraph "64" of the Complaint.

65.    Defendants deny the allegations set forth in paragraph "65" of the Complaint.

66.    Defendants deny the allegations set forth in paragraph "66" of the Complaint.

67.    Defendants deny the allegations set forth in paragraph "67" of the Complaint.

68.    Defendants deny the allegations set forth in paragraph "68" of the Complaint.

<u>AS TO THE "FOURTH CLAIM"</u>

69.    In response to the allegations set forth in paragraph "69" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

70.    Defendants deny the allegations set forth in paragraph "70" of the Complaint.

71.    Defendants deny the allegations set forth in paragraph "71" of the Complaint.

72.    Defendants deny the allegations set forth in paragraph "72" of the Complaint.

73.    Defendants deny the allegations set forth in paragraph "73" of the Complaint.

74.    Defendants deny the allegations set forth in paragraph "74" of the Complaint.

## AS TO THE "FIFTH CLAIM"

75.    In response to the allegations set forth in paragraph "75" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

76.    Defendants deny the allegations set forth in paragraph "76" of the Complaint.

77.    Defendants deny the allegations set forth in paragraph "77" of the Complaint.

78.    Defendants deny the allegations set forth in paragraph "78" of the Complaint.

## AS TO THE "SIXTH CLAIM"

79.    In response to the allegations set forth in paragraph "79" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

80.    Defendants deny the allegations set forth in paragraph "80" of the Complaint.

81.    Defendants deny the allegations set forth in paragraph "81" of the Complaint.

## AS TO THE "SEVENTH CLAIM"

82.    In response to the allegations set forth in paragraph "82" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

83.    Defendants deny the allegations set forth in paragraph "83" of the Complaint.

84.    Defendants deny the allegations set forth in paragraph "84" of the Complaint.

## AS TO THE "EIGHTH CLAIM"

85.    In response to the allegations set forth in paragraph "85" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

86.    Defendants deny the allegations set forth in paragraph "86" of the Complaint.

87.    Defendants deny the allegations set forth in paragraph "87" of the Complaint.

## AS TO THE "NINTH CLAIM"

88.    In response to the allegations set forth in paragraph "88" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

89.    Defendants deny the allegations set forth in paragraph "89" of the Complaint.

90.    Defendants deny the allegations set forth in paragraph "90" of the Complaint.

## AS TO THE "TENTH CLAIM"

91.    In response to the allegations set forth in paragraph "91" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

92.    Defendants deny the allegations set forth in paragraph "92" of the Complaint.

93.    Defendants deny the allegations set forth in paragraph "93" of the Complaint.

<u>AS TO THE "ELEVENTH CLAIM"</u>

94.    In response to the allegations set forth in paragraph "94" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

95.    Defendants deny the allegations set forth in paragraph "95" of the Complaint.

96.    Defendants deny the allegations set forth in paragraph "96" of the Complaint.

<u>AS TO THE "TWELFTH CLAIM"</u>

97.    In response to the allegations set forth in paragraph "97" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

98.    Defendants deny the allegations set forth in paragraph "98" of the Complaint.

99.    Defendants deny the allegations set forth in paragraph "99" of the Complaint.

<u>AS TO THE "THIRTEENTH CLAIM"</u>

100.   In response to the allegations set forth in paragraph "100" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

101.   Defendants deny the allegations set forth in paragraph "101" of the Complaint.

102.   Defendants deny the allegations set forth in paragraph "102" of the Complaint.

## AS TO THE "FOURTEENTH CLAIM"

103.  In response to the allegations set forth in paragraph "103" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

104.  Defendants deny the allegations set forth in paragraph "104" of the Complaint.

105.  Defendants deny the allegations set forth in paragraph "105" of the Complaint.

## AS TO THE "FIFTEENTH CLAIM"

106.  In response to the allegations set forth in paragraph "106" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

107.  Defendants deny the allegations set forth in paragraph "107" of the Complaint.

108.  Defendants deny the allegations set forth in paragraph "108" of the Complaint.

## AS TO THE "SIXTEENTH CLAIM"

109.  In response to the allegations set forth in paragraph "109" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

110.  Defendants deny the allegations set forth in paragraph "110" of the Complaint.

111.  Defendants deny the allegations set forth in paragraph "111" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

112.  The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

**113.** Defendants have not violated any rights, privileges or immunities secured to the plaintiff under the Constitution, the laws of the United States, the laws of the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

## THIRD AFFIRMATIVE DEFENSE

114. Any and all injuries alleged in the complaint were caused, in whole or in part, by plaintiffs' culpable, negligent, or intervening conduct and were not the proximate result of any act of defendants.

## FOURTH AFFIRMATIVE DEFENSE

115. The actions of any police officers involved were justified by probable cause.

## FIFTH AFFIRMATIVE DEFENSE

116. At all times relevant to the acts alleged in the Complaint, Defendant City of New York, its agents and officials, acted reasonably in the proper and lawful exercise of their discretion. Therefore, Defendant City is entitled to governmental immunity from liability.

## SIXTH AFFIRMATIVE DEFENSE

117. Punitive damages cannot be recovered as against the Defendant City of New York or the other Defendants and, if available, the amount of such damages shall be limited by applicable state and federal constitutional provisions, including due process, and other provisions of law.

## SEVENTH AFFIRMATIVE DEFENSE

118.  At all times relevant to the acts alleged in the Complaint, Defendants acted reasonably in the proper and lawful exercise of their discretion.

## EIGHTH AFFIRMATIVE DEFENSE

119.  Plaintiff's claims are barred, in part, by their failure to comply with the conditions precedent to suit including, but not limited to, New York General Municipal Law §50-e and §50-i.

## NINTH AFFIRMATIVE DEFENSE

120.  Plaintiffs provoked the incidents of which he complains.

## TENTH AFFIRMATIVE DEFENSE

121.  Defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

## ELEVENTH AFFIRMATIVE DEFENSE

122.  Plaintiffs' claims are barred, in whole or in part, by their contributory or comparative negligence and by their assumption of the risk.

## TWELTH AFFIRMATIVE DEFENSE

123.  Plaintiffs' claims are barred, in whole or in part, by the doctrines of absolute immunity, waiver and estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

124.  Plaintiffs consented to the acts about which they complain.

## FOURTEENTH AFFIRMATIVE DEFENSE

125.  Plaintiffs failed to mitigate their damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

126.  To the extent Defendants used any force it was reasonable, necessary, and justified to accomplish their official duties and to protect their own physical safety and the physical safety of others.

**WHEREFORE,** Defendants City of New York, the Hudson River Park Trust, Eleanor Freyre, Bienveni Mena, Stephen Nelson, Russell John, Raymond Gonzalez, and Jose Chaparro request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       February 8, 2006

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the City of New York
                              Attorney for Defendants City of New York, the
                              Hudson River Park Trust, Eleanor Freyre, Bienveni
                              Mena, Stephen Nelson, Russell John, Raymond
                              Gonzalez, and Jose Chaparro
                              100 Church Street, Room 3-190
                              New York, New York 10007
                              (212) 788-0786

                        By:   /s/
                              _____
                              Jed M. Weiss (JW 5293)
                              Assistant Corporation Counsel
                              Special Federal Litigation Division

TO:
Jeffrey Rothman, Esq.
575 Madison Ave., Suite 1006
New York, New York 10022
*Attorney for Plaintiff*

- 17 -

Index Number 05 CV 7672 (KMK)(JCF)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LASHLEY CARNEY, RANDY XU, DELMAR CONKLIN,
DAVID BECKER, SARA HEIFETZ, CHARITY JAMES,
and HANNAH JANEWAY,

Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER FREYRE;
POLICE OFFICER RUSSELL JOHN, Shield No. 31399;
POLICE OFFICER BIENVENI MENA, Shield No. 7584;
POLICE OFFICER RAYMOND GONZALEZ, Shield No.
10688; POLICE OFFICER STEPHEN NELSON, Shield No.
27285; POLICE OFFICER JOSELITO CHAPARRO, Shield
No. 03429; JOHN DOES; RICHARD ROES; HUDSON
RIVER PARK TRUST,

Defendants.

---

## **ANSWER**

---

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York, the*
*Hudson River Park Trust, Eleanor Freyre, Bienveni*
*Mena, Stephen Nelson, Russell John, Raymond*
*Gonzalez, and Jose Chaparro*
*100 Church Street*
*New York, N.Y.  10007*
*Of Counsel: Jed M. Weiss*

*Tel:  (212) 788-8683*
*NYCLIS No. 05 sf 021748*

---

*Due and timely service is hereby admitted.*

*New York, N.Y.  ........................................... ,2006*

*...................................................................... Esq.*

*Attorney for City of New York*

- 18 -