USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
D: 5/10/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

LASHLEY CARNEY, et al.

                      Plaintiffs,

-against-

THE CITY OF NEW YORK; POLICE OFFICER
FREYRE; POLICE OFFICER RUSSEL JOHN, Shield
No. 31339; POLICE OFFICER BIENVENI MENA,
Shield No. 7584; POLICE OFFICER RAYMOND
GONZALEZ, Shield No. 10688; POLICE OFFICER
STEPHEN NELSON, Shield No. 27285; POLICE
OFFICER JOSELITO CHAPARRO, Shield No. 03429;
JOHN DOES; RICHARD ROES; HUDSON RIVER
PARK TRUST,

                      Defendants.

------------------------------------------------------------x

STIPULATION AND ORDER
OF SETTLEMENT AND
DISCONTINUANCE

05 CV 7672 (KMK)(JCF)

WHEREAS, plaintiff Lashley Carney ("Plaintiff") commenced this action in the Southern District of New York by filing a Complaint on or about August 31, 2005, alleging that defendants violated Plaintiff's civil and common law rights ("Complaint"); and

WHEREAS, Plaintiff filed a First Amended Complaint on or about November 28, 2005, alleging that defendants violated Plaintiff's civil and common law rights ("Amended Complaint"); and

WHEREAS, defendants The City of New York, Police Officer Freyre, Russell John, Bienveni Mena, Raymond Gonzalez, Stephen Nelson, Joselito Chaparro, and The Hudson River Park Trust have denied any and all liability arising out of Plaintiff's allegations; and

WHEREAS, defendant City of New York served a Rule 68 Offer of Judgment on or about March 15 2006, offering Plaintiff the sum of Seven Thousand Five Hundred and One

Dollars ($7,501.00), plus Plaintiff's pro rata apportionment of the reasonable attorney's fees and costs to the date of that offer; and

**WHEREAS**, Plaintiff served a Notice of Acceptance of Rule 68 Offer of Judgment on March 29, 2006; and

**WHEREAS**, the parties now desire to resolve the issues raised in this litigation, including the issue of attorney's fees, without further proceedings and without admitting any fault or liability; and

**WHEREAS**, no party herein is an infant or incompetent for whom a committee has been appointed; and

**WHEREAS**, Plaintiff has authorized her counsel to settle this matter as against defendants on the terms enumerated below:

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed, with prejudice, and without costs, expenses or fees except as provided in paragraph "2" below.

2. The City of New York hereby agrees to pay Plaintiff the sum of SEVEN THOUSAND FIVE HUNDRED AND ONE DOLLARS ($7,501.00) in full satisfaction of all claims, and SEVEN THOUSAND DOLLARS ($7,000.00) for costs, expenses and attorney's fees. In consideration for the payment of this sum, Plaintiff agrees to the dismissal, with prejudice, of all the claims against all named defendants, including The City of New York, Police Officer Freyre, Russell John, Bienveni Mena, Raymond Gonzalez, Stephen Nelson, Joselito Chaparro, and The Hudson River Park Trust, the defendants named in the caption as "John Does," "Richard Roes" and to release all defendants, their successors or assigns; all past

and present officials, employees, representatives and agents of the City of New York, or any agency thereof, including but not limited to, the New York City Police Department; and the New York City Health and Hospitals Corporation, from any and all liability, claims or rights of action arising from, contained in, or related to the Complaint and the Amended Complaint in this action, which were or could have been alleged by Plaintiff, including all claims for attorney's fees, expenses and costs.

3. Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of No Liens.

4. Nothing contained herein shall be deemed to be an admission by any of the defendants that they have in any manner or way performed the acts or omissions alleged in the Complaint herein or that defendants violated Plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or the New York City Police Department.

6. It is expressly understood and agreed to by Plaintiff, Plaintiff's attorney, and defendants that the settlement sum in paragraph 2 above includes any and all claims by Plaintiff for attorney's fees, expenses and costs arising from the legal work performed by Plaintiff's attorney in connection with the above captioned matter including: (a) all work performed and expenses disbursed specifically relating to and benefiting Plaintiff; and (b) Plaintiff's pro rata

share of attorney's fees for work performed benefiting all plaintiffs represented by Jeffrey A. Rothman in other actions arising from the 2004 Republican National Convention and consolidated in the Southern District of New York before Magistrate Judge James C. Francis IV and District Judge Kenneth M. Karas.

  7. The parties further agree that Plaintiff's counsel shall not later recover any attorney's fees, expenses or costs from defendants for work performed and expenses disbursed specifically relating to and benefiting Plaintiff, or representing Plaintiff's pro rata share of attorney's fees for work performed benefiting all plaintiffs represented by Jeffrey A. Rothman in other actions arising from the 2004 Republican National Convention and consolidated in the Southern District of New York before Magistrate Judge James C. Francis IV and District Judge Kenneth M. Karas.

  8. It is expressly understood and agreed to by Plaintiff, Plaintiff's attorneys, and defendants that payment of the costs, expenses and attorney's fees portion of the settlement sum in paragraph 2 above is not a ratification of the propriety of the attorney's fees and time records submitted to defendants for payment by Plaintiff's attorney.

9. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:    New York, New York
          _____, 2007

Jeffrey A. Rothman, Esq.
315 Broadway, Suite 200
New York, New York 10007
212-227-2980
Attorney for Plaintiff

By: _____
    Jeffrey A. Rothman, Esq. (JR    )
    May 7, 2007

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street, Room 3-132
New York, New York 10007
212-788-1817

By: _____
    Fred M. Weiler (FW    )
    Special Assistant Corporation Counsel
    5/8/07

SO ORDERED:

_____
HON. KENNETH M. KARAS,
U.S.D.J.   5/9/07

5