USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/31/07

Jeffrey A. Rothman
Attorney at Law
315 Broadway, Suite 200
New York, NY 10007
Tel.: (212) 227-2980; Cell: (516) 455-6873
Fax: (212) 591-6343
rothman.jeffrey@gmail.com

**MEMO ENDORSED**

July 16, 2007

By Fax
The Honorable James C. Francis IV
United States Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street – Room 1960
New York, NY 10007

*LEAD CASE 04CIV 7922 (KMK) (JCF)*

Re: Coburn, et al. v. City of New York, et al., 05 Civ. 7623 (KMK) (JCF);
Phillips, et al. v. City of New York, et al., 05 Civ. 7624 (KMK) (JCF);
Sloan, et al. v. City of New York, et al., 05 Civ. 7668 (KMK) (JCF);
Galitzer v. City of New York, et al., 05 Civ. 7669 (KMK) (JCF);
Bastidas, et al. v. City of New York, et al., 05 Civ. 7670 (KMK) (JCF);
Carney, et al. v. City of New York, et al., 05 Civ. 7672 (KMK) (JCF);
Sikelianos v. City of New York, et al., 05 Civ. 7673 (KMK) (JCF);
Drescher v. City of New York, et al., 05 Civ. 7541 (KMK)(JCF)

*DOCKET IN ALL CASES*

Dear Judge Francis:

I write concerning defendants' failure to produce two "So Ordered" deponent police lieutenants this week, a Lt. Byrne today, 7/16/07, and a Lt. John Berquist on Friday, 7/20/07. Both deponents were noticed long ago, and were "So Ordered" as a part of Your Honor's Orders of both June 15, 2007 (ordering production of defense witnesses as set forth in my letter to the Court of May 14, 2007), and more recently of July 5, 2007 (setting forth a master deposition schedule and stating that "[c]ounsel may deviate from the schedule only upon written stipulation or further order of the Court.").

Plaintiffs respectfully request: 1) that Defendants be precluded from reliance upon these deponents' testimony at trial; 2) that these depositions be rescheduled for a time convenient to all interested plaintiffs' counsel so that this important testimony may be taken and used by Plaintiffs; 3) that fee-shifting be imposed for the taking of these depositions on dates other than those set forth in the Court's July 5, 2007 Order, and for having to make the present application; and 4) such other and further relief that the Court deems just and appropriate under these circumstances.

**Re: Lt. Byrne**

Mr. Weiler emailed me on June 28th stating that he was working on trying to locate Lt. Byrne. Two hours later I emailed him back, identifying the Bates Number of a City-produced

1

document listing Lt. Byrne as the source of information indicating that a group of people were told to go westbound on 17th Street on August 31, 2004, and identifying Byrne as working at OCCB (the NYPD's Organized Crime Control Bureau). I heard nothing further back concerning any problems in identifying and producing him until this past Thursday, July 12th, when I emailed Mr. Weiler to request that the deposition begin at 11:30 a.m. today, in order to give my co-counsel Martin Stolar (who would likely be the one taking the deposition) time to return from an appearance in Queens Criminal Court. Mr. Weiler then emailed back that evening that since he had only *recently received* the Bates numbered document (the City's own document, that they produced to plaintiffs in this litigation, and that I had identified for Mr. Weiler by Bates Number number two weeks prior), the deposition may have to be rescheduled. The next evening, Friday, July 13, 2007, the business day before Lt. Byrne's deposition was scheduled, Mr. Weiler emailed again to state that the City was "still trying to find the Lt. Byrne." The emails discussed above, and the document Bates No. 16961, also discussed above, that references Lt. Byrne, are faxed along with this letter as **Exhibit A**.

I do not know how many Lieutenants named Byrne worked for the OCCB[1] during August of 2004, but I cannot imagine that it is so many that this person should be difficult to identify, especially under the present circumstances. At any rate, this is a witness in whom we have keen interest, in that the plaintiffs in the Carney case (and others, including putative class representatives in the MacNamara case) were directed by the police to go into the 17th Street block on which they were further tricked, trapped, and arrested (a similar modus operandi to that employed to arrest a much larger group on the other side of Union Square Park a short time earlier that evening, when hundreds of people, including plaintiffs in the Bastidas, MacNamara, Adams, Grosso, and Concepcion cases, were directed by the police into E. 16th Street and arrested en masse).

Lieutenant Byrne was not produced for his deposition today. Given all that has transpired in regard to deposition scheduling, both generally in the RNC cases and specifically in regard to Lt. Byrne, Plaintiffs should be permitted to depose him and offer his testimony if they so choose, but Defendants should be precluded from offering his testimony at trial.

Mr. Weiler's email of July 13th also stated that "[a]s I told Clare [Norins] today, we cannot produce Lt. Berquist next Friday."

---

[1] I note, as an aside, that it is a certainly a good thing that the NYPD was tracking this bunch of arrestees using a lieutenant from the Organized Crime Control Bureau, in addition to using Counter-Terrorism Division personnel to run the arrest processing for the RNC, and the use of the Intelligence Division to conduct wide-ranging surveillance and investigations of protest groups to look out for terrorists and violent anarchists who would be hell-bent on devastation during the RNC. Right before an order was given to make the 17th Street mass arrests, this is what Police Officer Nelson, one of the assigned arresting officers, saw the 17th Street arrestees doing:

> Q. So after this few minutes of exchange, what happened?
>
> A. I guess an order was given to make arrests, because officers started going over to the arrest people. And we had -- I remember seeing some of the crowd take off eastbound on 17th Street. And then the rest, I guess of the group, started lining up singing Kumbaya.

I suppose that if it is remotely plausible that any reasonable law enforcement official could think these peaceful people, directed by the police like lemmings into a net and singing Kumbaya, to be terrorists or violent anarchists, then it is equally plausible that they could in fact have been in the Mafia as well.

2

### Re: Lt. Berquist

Lieutenant Berquist has also been long-noticed, and So Ordered as described above. He has been identified in the depositions of the arresting officers as a direct and active supervisor on scene who initiated the handcuffing process wherein the arrestees were matched to (some of their) arresting officers.

He was also identified by Mr. Weiler on February 5, 2007, as a person with knowledge of the events at 17th Street and 5th Avenue (See Defendant City of New York's February 5, 2007 Supplemental Response to Plaintiffs' First Set of Interrogatories and Document Requests, faxed along with this letter as **Exhibit B**), and again as a person with knowledge of those events on page 3 of SACC Liora Jacobi's June 4th omnibus list of RNC persons with knowledge[2] (faxed along with this letter as **Exhibit C**).

Given Lt. Berquist's role as a supervisor directly and actively involved in making these arrests, we consider him an important deponent. As with Lt. Byrne, if Defendants do not indicate by Wednesday, July 18th (to give us the minimum time necessary to prepare) that Berquist will be produced as scheduled on Friday, July 20th, given all that has transpired in regard to deposition scheduling, both generally in the RNC cases and specifically in regard to Lt. Berquist, Plaintiffs should be permitted to depose him, but Defendants should be precluded from offering his testimony at trial.

### Further Reasons the Relief Requested is Appropriate Under These Circumstances

While I am happy to make arrangements and accommodations with the City (as I have been doing) to shift or swap deposition dates for the convenience of all involved, it is obvious at this juncture that I, my co-counsel, and other interested plaintiffs' counsel cannot with the present extreme tightness of our schedules (and the impending statute of limitations) have long-noticed and "So Ordered" deponents be thrown back into a dateless limbo.

While we wish to work cooperatively with the City (and have been doing so) to have the many depositions scheduled over the next four months be taken in an orderly and collegial manner, we simply cannot at this stage temporally, and after all that has preceded with regard to deposition scheduling, have depositions be cancelled like this.

For the foregoing reasons, Plaintiffs respectfully request: 1) that Defendants be precluded from reliance upon these deponents' testimony at trial; 2) that these depositions be rescheduled for a time convenient to all interested plaintiffs' counsel so that this important testimony may be taken and used by Plaintiffs; 3) that fee-shifting be imposed for the taking of these depositions on dates other than those set forth in the Court's July 5, 2007 Order, and for having to make the present application; and 4) such other and further relief that the Court deems just and appropriate under these circumstances.

---

[2] Plaintiffs reserve their right to later seek to preclude the testimony of these many listed individuals, and others similarly identified by Defendants as having knowledge of the events concerning these various arrest sites and concerning arrest processing, as unnecessarily cumulative and based on fairness considerations.

3

I thank the Court again for its patience and consideration in this matter.

Respectfully submitted,

Jeffrey Rothman

cc: Fred Weiler, Esq. (by e-mail distribution list)
All RNC counsel (by e-mail distribution list)

7/31/07

Plaintiff's counsel shall choose new dates for the Byrne, Berquist, and Fortunato depositions and shall submit them to me to be "so ordered." Failure of the witnesses to appear on the dates chosen by plaintiff's counsel shall result in sanctions including the shifting of costs. The dates chosen by plaintiff's counsel shall be at least two weeks after the date they are transmitted to me.

SO ORDERED.

James C. Francis IV
USMJ

4