**MEMO ENDORSED**

ALAN D. LEVINE
ATTORNEY AT LAW
80-02 KEW GARDENS ROAD
KEW GARDENS, NEW YORK 11415
—
(718) 793-6668
FAX: (718) 544-5703
E-MAIL: alandlaw@justice.com

August 27, 2007

**VIA ECF**
Honorable James C. Francis IV
United States Magistrate Judge
500 Pearl Street, Room 1960
New York, New York 10007-1312
                    (Xu)
    Re:    Carney, et al. v. City of New York, et al.
           05 CV 7672 (KMK)(JCF)
           Our File No: 2011

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/30/07
```

Dear Judge Francis:

I am one of the attorneys for the plaintiffs in the above-referenced action. Specifically, pursuant to the division of labor agreed upon with my co-counsels, I am responsible for prosecuting the claims of plaintiffs David Becker and Hannah Janeway. At the present time, pursuant to Your Honor's order, Ms. Janeway's deposition is scheduled for Wednesday, September 5, 2007 and Mr. Becker's deposition is scheduled for Monday, September 17, 2007. Last week, I requested Assistant Corporation Counsel Jeffrey Brooks, who is evidently in charge of scheduling plaintiffs' depositions for the Corporation Counsel's office, if I could simply switch the dates on which these two plaintiffs are to be deposed. Namely, Mr. Becker would be deposed on September 5, and Ms. Janeway would be deposed on September 17. As I explained to Mr. Brooks, the reason for this request is that Ms. Janeway, who lives in Seattle, cannot take time off from her employment on Wednesdays. She is available to come to New York and be deposed any other day of the week.

In telephone conversations I had with Mr. Brooks on August 24, and today with Cheryl Shammas, Esq., I was informed that the Corporation Counsel's office would not agree to this change in the dates. I was told that the reason is because that office has had too many disputes with one of my co-counsels in this action, namely Jeffrey Rothman, and, therefore, would not afford me, with whom the office has had no such disputes, any courtesies.

Thus, the attorneys for the defendants have determined to punish two clients of my office because these attorneys are having a dispute with another attorney who represents other plaintiffs in the same action. Needless to say, no one at the Corporation Counsel's office has stated to me that defendants would in any way be prejudiced were the order of these two depositions to be reversed. Rather, they seek to use their refusal to accommodate these two clients as a wedge to compel Mr. Rothman to withdraw one or more motions that he has made. And today, for good measure, Ms. Shammas suggested that I have Clare Norins and Rose Weber withdrew their motions for sanctions.

As Your Honor knows, I have troubled the court very little during the course of this litigation. However, I believe that the actions of the Corporation Counsel's office in this particular matter are a classic example of sanctionable conduct.     Therefore, I am hereby requesting that Your Honor order the Corporation Counsel's office to grant the request to change the dates for Ms. Janeway's and Mr. Becker's respective depositions and that the Corporation Counsel's Office be required to pay my costs in having to spend time making this motion.

Very truly yours,

ALAN D. LEVINE

ADL/jb
cc: Jeffrey Brooks, Esq.

8/30/07

Application denied. The reason for the requested change of deposition dates does not warrant Court intervention at this late date. Even if counsel discussed the issue two weeks ago, it was only now brought to my attention.

SO ORDERED.

James C. Francis IV
USMJ