# EXHIBIT D



125 Broad Street
New York, NY 10004
(212) 344-3005
Fax (212) 344-3318
www.nyclu.org

Christopher Dunn
Associate Legal Director
(212) 607-3300, ext. 326
cdunn@nyclu.org

BY FACSIMILE ONLY

November 28, 2006

Honorable James C. Francis, IV
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Suite 1960
New York, N.Y. 10007

Re: *Schiller v. City of New York*, 04 Civ. 7922 (KMK/JCF)
*Dinler v. City of New York*, 04 Civ. 7921 (KMK/JCF)

Dear Judge Francis:

On behalf of the plaintiffs in these two cases arising out of the Republican National
Convention, I write in anticipation of the status conference scheduled for this coming Friday,
December 1. Since the last conference on October 24, the parties have proceeded with discovery,
with only limited discovery to be completed before the December 15 fact discovery cut-off. At
this point, however, the following issues need to be resolved:

1.    Defendants' Response to Plaintiffs' Interrogatory 29: At a conference several months ago,
the plaintiffs notified you that the parties were having a dispute about a plaintiffs' interrogatory
seeking the identity of events at which the NYPD had instituted a no-summons policy.
Following further discussions, the City agreed to answer the interrogatory, which it did on
November 8. As you can see from the City's response (which I enclose), it answered by saying
that no such events existed except as identified in specified pages of the deposition of Chief of
Department Joseph Esposito. *See* Letter from Peter Farrell to Christopher Dunn at 3 (Nov. 8,
2006).

This response was unilluminating because the deposition testimony to which it referred
was vague. For instance when asked to identify specific non-political events at which a no-
summons policy was in effect, Chief Esposito testified within the designated pages as follows:

> We use them at large gatherings. Now, specifically, I believe it's New Year's
> Eve, it's an option that can be used. Concerts in parks, specifically which ones
> I'm not sure. Other types of demonstrations where it's not just political. (723:19-
> 24)

In light of the lack of specificity in Chief Esposito's testimony, the plaintiffs asked the

City to supplement its response with a listing of specific events, as it had done with two related interrogatories (numbers 31 and 33, as noted in Farrell letter). *See* Letter from Christopher Dunn to Peter Farrell (Nov. 21, 2006) (copy enclosed).

Mr. Farrell today informed me by e-mail that the City would not further supplement its response to interrogatory 29. *See* E-mail from Peter Farrell to Christopher Dunn (Nov. 28, 2006) (copy enclosed).

As I informed Mr. Farrell we would, we will ask on Friday that the Court direct the City to supplement its response to identify the specific events, by date and by general description, that are responsive to interrogatory 29.

2.   Defendants' Contention Interrogatories- On November 15 the defendants served approximately 350 contention interrogatories (including subparts) on the plaintiffs. The City served these interrogatories without leave of court and without consent from the plaintiffs, and on those grounds alone Rule 33 of the Federal Rules of Civil Procedure bars them. In addition, contention interrogatories are inappropriate in that the plaintiffs, as they have informed the City, intend to proceed soon with summary judgment on liability, and the plaintiffs' motion will fully inform the City about the factual and legal bases for the plaintiffs' claims.

Last week I asked Mr. Farrell to withdraw these interrogatories, but, as of the filing of this letter, I have not received a response from him. Should the City insist on proceeding with these interrogatories, we will ask the Court to resolve this matter.

3.   Defendants' Confidentiality Motion- The City is scheduled to file on December 1 its reply in its pending motion to maintain the confidentiality of various Convention discovery materials. It may be appropriate at Friday's conference to discuss whether the Court should hold oral argument on this motion.

4.   Discovery Schedule- On November 22, 2006, I received through the ECF system an entry indicating that an order has been entered in the *Schiller* case extending the discovery cut-off by three months (copy enclosed). This apparently was prompted by the Court's endorsement of a letter from Jeffrey Rothman seeking such an extension in eight other RNC cases. I will ask at Friday's conference that the Court confirm that the fact discovery cut-off in the *Schiller* and *Dinler* cases remains December 15, 2006, as stated in the Memo Endorsement you entered on November 7, 2006.

Sincerely,

Christopher Dunn

c: Senior Corporation Counsel Peter Farrell (by electronic and first class mail)

# EXHIBIT E

```
UNITED STATES DISTRICT COURT                          (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
MICHAEL SCHILLER, et al.,             :  04 Civ. 7922 (KMK) (JCF)
                                      :
            Plaintiffs,               :
                                      :
    - against -                       :
                                      :
THE CITY OF NEW YORK, et al.,         :
                                      :
            Defendants.               :
- - - - - - - - - - - - - - - - - - -:
HACER DINLER, et al.,                 :  04 Civ. 7921 (KMK) (JCF)
                                      :
            Plaintiffs,               :
                                      :
    - against -                       :        MEMORANDUM
                                      :        AND  ORDER
THE CITY OF NEW YORK, et al.,         :
                                      :
                                      :
            Defendants.               :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

These are two of the cases arising out of the arrest of more
than 1,800 demonstrators during the Republican National Convention
(the "RNC") in 2004.  Three days before the close of discovery, the
defendants  purported  to  supplement  their  mandatory  initial
disclosures by identifying approximately 130 additional witnesses
with knowledge of the events at issue.  One witness so identified
was David Cohen, Deputy Commissioner of Intelligence for the New
York City Police Department (the "NYPD").  The defendants represent
that he has information central to their argument that certain
policies  adopted  by  the  NYPD  in  connection  with  the  RNC  and
challenged by the plaintiffs -- specifically the NYPD's decision to

1

fingerprint all arrestees and the determination not to issue summonses but instead to require that all arrestees be arraigned -- were based on intelligence information obtained by the NYPD in advance of the RNC. After the discovery deadline, the defendants produced 600 pages of documents not previously revealed. These documents (the "Intelligence Documents") likewise relate to intelligence gather by the NYPD and upon which the defendants claim they relied in formulating policies for RNC-related arrests.

The plaintiffs now move to preclude Deputy Commissioner Cohen from serving as a witness in connection with summary judgment motions or at trial and to preclude the defendants from relying upon the Intelligence Documents.

## Background

The plaintiffs filed these two cases on October 7, 2004, approximately a month after the conclusion of the RNC. They named as defendants the City of New York, various police officers, and officials of the City and the NYPD. On March 5, 2005, the plaintiffs in Schiller v. City of New York served their mandatory disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure. At that time, they identified 51 witnesses and 85 potentially relevant documents and videotapes. (Declaration of Christopher Dunn dated Feb. 2, 2007 ("Dunn Decl."), ¶ 5). On March 28, 2005, the plaintiffs in Dinler v. City of New York served their mandatory disclosures, listing 48 witnesses and 43 documents.

2

(Dunn Decl., ¶ 5).

The defendants commenced mandatory disclosure on March 25, 2005, when they identified three police officers as witnesses in the Schiller case and designated seven documents consisting of 163 pages. (Dunn Decl., ¶ 6 & Exh. 1). The defendants served initial disclosures in the Dinler case on April 1, 2005, naming three police officers and one Deputy Inspector as witnesses and identifying as possible evidence two documents consisting of twelve pages along with two DVDs. (Dunn Decl., ¶ 7 & Exh. 2). On July 15, 2005, they supplemented the disclosures in Dinler to add a second Deputy Inspector as a witness. (Dunn Decl., ¶ 8 & Exh. 3).

Discovery proceeded, and plaintiffs' counsel took the depositions of all the witnesses identified in the defendants' mandatory disclosures as well as numerous other NYPD officials. (Dunn Decl., ¶ 9). As the discovery deadline approached, plaintiff's counsel sent a letter on September 27, 2006, reminding defendants' counsel of the obligation to supplement initial mandatory disclosures. (Dunn Decl., ¶ 10 & Exh. 4). The discovery deadline was extended to December 15, 2006, and at a status conference on December 1, 2006, a schedule for filing summary judgment motions in Schiller and Dinler was established. On December 12, 2006, defendants' counsel sent plaintiffs' counsel a letter supplementing their initial disclosures by adding 130 new witnesses. (Dunn Decl., ¶ 15 & Exh. 7). The plaintiffs objected

3

to the new disclosures, and at a status conference on January 12, 2007, counsel agreed to try to come to an agreement regarding these additional witnesses, failing which they would agree to a schedule for briefing a motion to preclude. (Dunn Decl., ¶¶ 16-17). The parties reached resolution with respect to many of the newly identified witnesses, but they continue to disagree regarding whether Deputy Commissioner Cohen should be permitted to testify.

Meanwhile, the parties engaged in document discovery. As noted above, the defendants identified some documents in their mandatory disclosures in March and April 2005. In addition, the plaintiffs served initial document requests in Schiller on February 10, 2005 and in Dinler on March 7, 2005. Request No. 41 in Schiller and Request No. 43 in Dinler each sought production of "[d]ocuments identifying all justifications for policies, procedures, directives, or practices concerning the taking, use, retention, transmission, or destruction of the fingerprints of individuals arrested at the RNC." (Dunn. Decl., ¶ 21 & Exhs. 10, 11). Similarly, Request No. 20 in Schiller and Request No. 22 in Dinler each demand production of "[d]ocuments reflecting all justifications for policies, procedures, directives, or practices concerning the NYPD's processing of individuals arrested at RNC-protest events." (Dunn Decl., ¶ 21 & Exhs. 10, 11). The defendants objected to these requests on a variety of grounds. (Dunn Decl., Exhs. 10, 11). Thereafter, the defendants produced

4

numerous documents but did not specifically link the documents disclosed to particular requests.  Then, on October 5, 2006, plaintiffs' counsel served an interrogatory asking which documents previously produced were responsive to Request No. 41 in Schiller and Request No. 43 in Dinler and a second request for all documents that reflected justification for the no-summons policy.  (Dunn Decl., ¶ 27 & Exh 12).  The defendants responded on January 19, 2007, identifying approximately 600 pages of documents, none of which had previously been produced.  (Dunn Decl., ¶ 29 & Exh. 13).

The plaintiffs then filed the instant motion to preclude the defendants from relying on Deputy Commissioner Cohen's testimony or on the Intelligence Documents.

## Discussion

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, each party must, "without awaiting a discovery request," identify "each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses. . . ."  Fed. R. Civ. P. 26(a)(1)(A).  Similarly, the disclosing party must produce "a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses. . . ."  Fed. R. Civ. P. 26(a)(1)(B).  The rules also create an obligation to supplement initial disclosures.  "A

5

party is under a duty to supplement at appropriate intervals its disclosures under [Rule 26(a)] if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. Fed. 26(e)(1). A similar requirement applies to supplementing responses to document demands and interrogatories. Fed. R. Civ. P. 26(e)(2).

The rules provide sanctions for failing to meet these obligations.

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (c) and may include informing the jury of the failure to make the disclosure.

Fed. R. Civ. P. 37(c)(1). In exercising discretion in imposing sanctions, courts consider:

> "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance."

Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006) (quoting

6

Softel, Inc. v. Dragon Medical & Scientific Communications, Inc.,
118 F.3d 955, 961 (2d Cir. 1997)) (alterations in original). The
imposition of sanctions under Rule 37(c)(1), including the
preclusion of evidence, does not require a showing of bad faith on
the part of the offending party. Design Strategy, Inc. v. Davis,
469 F.3d 284, 296 (2d Cir. 2006). The plaintiffs' motion can now
be addressed in light of these standards.

The defendants maintain that plaintiffs' counsel had notice of
Deputy Commissioner Cohen's status as a potential witness by virtue
of the deposition testimony of other witnesses. They further argue
that since they objected to document requests that encompassed the
Intelligence Documents, they were under no obligation to produce
those documents before they actually did. (Letter of Gerald S.
Smith dated Feb. 21, 2007 ("Smith Letter"), at 2-5, 7-8). Neither
contention has merit.

To be sure, other witnesses have testified that Deputy
Commissioner Cohen briefed police personnel about intelligence
matters prior to the RNC. (Deposition of Terence Monahan, excerpts
attached as Exh. 1 to Smith Letter, at 72-82; Deposition of Joseph
Esposito, excerpts attached as Exh. 2 to Smith Letter, at 357-59,
468). However, these witnesses did not indicate that Deputy
Commissioner Cohen played any decision making role in the policies
challenged by the plaintiffs, specifically the decisions to
fingerprint all arrestees and not to issue summonses. For example,

7

Chief John Colgan, who was proffered as a witness with knowledge of the fingerprinting policies, testified that he did not recall ever discussing these policies with Deputy Commissioner Cohen. (Deposition of John J. Colgan ("Colgan Dep."), excerpts attached as Exh 9 to Dunn Decl., at 129-30). Similarly, he could not remember whether Deputy Commissioner Cohen was even present when Chief Colgan presented the arrest-processing plan to Police Commissioner Raymond Kelly.   (Colgan Dep. at 47-49).   In a simpler case, a general reference to an individual during a deposition might be sufficient to put the parties on notice that that person is a potential witness.   But in a complex case such as this, a far more direct discussion of the individual's role is required before a party is relieved of its obligations under Rules 26(a)(1) and 26(e)(1).

The defendants' argument with respect to the Intelligence Documents also fails.   First, the fact that the defendants initially objected to the plaintiffs' document requests is irrelevant; the defendants ultimately acknowledged the validity of the requests by producing documents in response, but the production was untimely.   More importantly, the defendants were obligated to disclose the Intelligence Documents under Rule 26(a)(1) even without a request from the plaintiffs, since the defendants plainly intend to use those documents to "support [their] claims or defenses."   Thus, the defendants did not comply with their

8

disclosure obligations with respect either to Deputy Commissioner
Cohen or to the Intelligence Documents, and they have not provided
a plausible explanation for their failure.

The next factor -- the importance of the evidence proffered --
weighs most heavily here. The questions posed by these cases have
great public significance. At issue is the proper relationship
between the free speech rights of protestors and the means used by
law enforcement officials in an effort to maintain public order.
To the extent that the policies of which the plaintiffs complain
were legitimately motivated by intelligence information, it would
be unjust to preclude such evidence because of the negligence of
counsel if there are equally effective alternative remedies. Where
the evidence at issue is critical, "only extreme misconduct on the
part of the [party proffering the evidence] or extreme prejudice
suffered by the [party seeking sanctions] would justify the
extraordinary sanction of preclusion. . . ." Outley v. City of New
York, 837 F.2d 587, 591 (2d Cir. 1988).

The plaintiffs do suffer prejudice as a consequence of the
tardy revelation of the intelligence evidence.    The summary
judgment motions previously scheduled have already been delayed,
and in order to address the new evidence, plaintiffs' counsel will
have to depose Deputy Commissioner Cohen as well as reopen the
depositions of other NYPD officials who may have relied on his
briefings or on the Intelligence Documents in the formulation of

9

the contested policies. However, while a continuance is an unattractive option, it is feasible. These cases have advanced more efficiently than the mass of related RNC actions. Counsel have already agreed on a contingent date for the deposition of Deputy Commissioner Cohen, and a new briefing schedule for summary judgment motions can be crafted taking into account the follow-up discovery that must now be taken. Furthermore, no trial date has yet been set.

In summary, then, the defendants breached their disclosure obligations and have offered no legitimate excuse. However, precluding the newly disclosed evidence would prevent a full legal analysis of important public issues, and sanctions short of preclusion will suffice. Plaintiffs may reopen discovery to take the deposition of Deputy Commissioner Cohen. In addition, they may redepose other witnesses and seek further document production related to the newly revealed information. The plaintiffs should not, however, be required to bear the costs of the inefficiencies caused by the late disclosures. The defendants shall therefore reimburse the plaintiffs for all costs, including reasonable attorneys' fees, incurred in connection with the reopened discovery. This will both ameliorate the prejudice to the plaintiffs and serve as a deterrent to future violations of disclosure obligations.

Conclusion

As discussed above, the plaintiffs' motion for discovery sanctions is granted in part. Deputy Commissioner Cohen will not be precluded from providing evidence on summary judgment or at trial, and the defendants will not be foreclosed from relying on the Intelligence Documents. However, the plaintiffs shall be entitled to reopen discovery in order to explore fully the newly disclosed information, and the costs of that discovery shall borne by the defendants. Counsel shall advise me promptly of a proposed schedule for completing this discovery and for submitting summary judgment motions.

SO ORDERED.

James C. Francis IV

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       March 12, 2007

Copies mailed this date:

Christopher T. Dunn, Esq.
Palyn Hung, Esq.
New York Civil Liberties Union
125 Broad Street, 17th Floor
New York, New York  10004

Peter G. Farrell, Esq.
Senior Counsel
Office of the Corporation Counsel
100 Church Street
New York, NY 10007

11

# EXHIBIT F

# Jeffrey A. Rothman

Attorney at Law
575 Madison Avenue, Suite 1006
New York, NY 10022
Tel.: (212) 348-9833; (212) 937-8450
Cell: (516) 455-6873
Fax: (212) 591-6343
jrothman@alumni.law.upenn.edu

April 25, 2007

By Fax
The Honorable James C. Francis IV
United States Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street – Room 1960
New York, NY 10007

> *Re:*    *Coburn, et al. v. City of New York, et al., 05 Civ. 7623 (KMK) (JCF);*
> *Phillips, et al. v. City of New York, et al. 05 Civ. 7624 (KMK) (JCF);*
> *Sloan, et al. v. City of New York, et al., 05 Civ. 7668 (KMK) (JCF);*
> *Galitzer v. City of New York, et al., 05 Civ. 7669 (KMK) (JCF);*
> *Bastidas, et al. v. City of New York, et al., 05 Civ. 7670 (KMK) (JCF);*
> *Carney, et al. v. City of New York, et al., 05 Civ. 7672 (KMK) (JCF);*
> *Sikelianos v. City of New York, et al., 05 Civ. 7673(KMK) (JCF);*
> *Drescher v. City of New York, et al., 05 Civ. 7541 (KMK)(JCF)*

Dear Judge Francis:

I write in anticipation of the upcoming RNC consolidated discovery conference on April 27, 2007, concerning three issues: 1) concerning problems related to the scheduling of depositions of defense witnesses in the RNC cases; 2) requesting reconsideration of Your Honor's oral ruling denying my request for an order requiring that all correspondence with the Court from any RNC party be transmitted to all other RNC counsel via the RNC Distribution List that was established pursuant to Discovery Order #1; and 3) seeking an extension to the deadline in the Case Management Orders in the above-captioned actions for plaintiffs to identify their expert witnesses for trial and provide the disclosures contemplated by the Federal Rules.

## Problems Related To The Scheduling of Defense Witness Depositions

As hopeful as the RNC plaintiffs' counsel were that the issuance of Discovery Order #2 on November 13, 2006 would serve to resolve the scheduling problems that had existed up to to that point, Discovery Order #2 has not been followed, and the manner and sparseness with which defendants have been scheduling, and rescheduling, depositions has made things completely unworkable.

In short, there are simply too many deponents for us to ever get finished at the pace the City proposes. The City has refused, with no underlying rationale, to schedule more than one deposition on a given day - which makes no sense, as any potential conflicts could be alleviated

1

simply through the mechanism prescribed in paragraph 4 of Discovery Order #2[1]. More importantly, the City will only schedule depositions on two or three days a week across all the RNC cases.

There have been a great many alterations to the City's proposed schedule over the past number of months, the most dramatic having come on April 9, 2007 via an email by Mr. Mirro. While the previous schedule that had been in effect (that had been emailed by Mr. Mirro to all RNC counsel on February 6, 2007) was itself entirely unsatisfactory and unworkable, the revised schedule emailed to plaintiffs' counsel on April 9th got even worse, and shifted deposition dates that I had planned upon taking this month to August and September. For example, the only two presently named individual defendants in the Sikelianos case, Captain Dowling and Police Officer Cordero, who had been scheduled for April 17, 2007 and April 19, 2007, respectively, were unilaterally rescheduled by Mr. Mirro to September 4, 2007, and September 6, 2007. Thus, under Mr. Mirro's new proposed schedule, absent any tolling considerations the 3 year statute of limitations would have passed before plaintiff would have the opportunity to depose any of the officers with knowledge of what occurred when plaintiff Nikolas Sikelianos was yanked off his bicycle and arrested on August 31, 2004. Similarly, the arresting officers in the Coburn case, POs Karnbach and Ng, were unilaterally rescheduled from April 24, 2007 and April 26, 2007, respectively, to August 23rd and 28th. I noticed these deponents on November 12, 2006 pursuant to the Discovery Order #2 procedures established by Your Honor at the November 9, 2006 conference in which counsel and the court hammered out the deposition framework under which we were supposed to be operating from then forward.

But the problem with the City's scheduling runs much deeper than isolated shifts in dates, as dramatically improper as they are. There are simply too many deponents to come close to being scheduled for all RNC plaintiffs' counsel (or even just for me) at the pace the City has proposed. Other plaintiffs' counsel have also noticed a significant number of depositions, and I am informed that yet more are coming, in significant number. The Law Department has enough lawyers that it needs to arrange itself such that depositions can be taken in the RNC cases on multiple days of the week, in multiple plaintiffs' counsel's offices on the same day, until these depositions are completed.[2]

In addition to other depositions the need for which will be generated by deposition testimony that will be taken in the coming months, there also exists the problem of the City's having served me on April 4, 2007 (and similarly having served other RNC plaintiffs' counsel) a letter with a list of scores of "individuals with knowledge" regarding the incidents on 16th Street

---

[1] Discovery Order #2 is annexed hereto as **Exhibit A**.

[2] To give the Court some sense of how things have developed (or, rather, not developed) in this regard, annexed hereto as **Exhibit B** are a skeletal selection of emails concerning the scheduling of RNC depositions. These emails are but a fraction of the correspondence and multiple proposed and altered schedules that have been sent back and forth over the last five or so months, but are presented to give the Court some sense of the scale of the problem being faced by plaintiffs' counsel in getting these depositions scheduled and taken. Included within **Exhibit B** are: my deposition notice email of November 12, 2006; Mr. Mirro's emailed proposed schedule of February 6, 2007; my supplemental deposition notice email of February 28, 2007; Mr. Mirro's email of April 9, 2006 with his new proposed deposition schedule; My email of April 11, 2007 concerning the problems with the new proposed schedule; Mr. Mirro's April 11, 2007 response to that email from me; and an April 12, 2007 emailed deposition notice by MacNamara counsel Clare Norins.

As noted above, other than the depositions noticed by myself and Ms. Norins, there have been many depositions noticed by other RNC plaintiffs' counsel, that are partially reflected on Mr. Mirro's latest proposed schedule of April 9, 2007 - and many more that I am informed have been noticed privately with the Law Department by other RNC counsel that are also awaiting being scheduled.

2

and the processing of RNC arrestees.[3] Many of these individuals will likely have to be noticed for deposition as well, by myself and other counsel[4]. There will also be other depositions to be scheduled by other plaintiffs' counsel, and the recall of deponents, per Your Honor's recent orders, to inquire about aspects of arrest processing and the use of undercover officers during the RNC that had been blocked at previous depositions.

For the foregoing reasons, plaintiffs respectfully request that the Court address (yet again) at this Friday's conference, or at a separate conference to be scheduled in the near future, a manner in which to get depositions effectively scheduled and taken over the ensuing months.

## Request for Reconsideration of Denial of Order that all RNC Counsel by Copied on all RNC Correspondence with the Court

Additionally, plaintiffs respectfully request that Your Honor reconsider your oral ruling rendered at the conference on January 12, 2007, that denied my January 11, 2007 letter application requesting that the Court enter an order requiring that all correspondence with the Court from any RNC party be transmitted to all other RNC counsel via the RNC Distribution List that was established pursuant to Discovery Order #1.

Since that denial, defendants have continued to communicate with the court about my cases and clients without copying me on that correspondence, and it is materially prejudicing plaintiffs' interests. For example, as I describe in my email of April 11, 2007 that is included within Exhibit B, Mr. Mirro references me in his letter to the Court of April 4, 2007 in the Banno case concerning the scheduling of Banno deponents. I am not mentioned by name, but I am the "another plaintiffs' counsel" counsel that is referenced therein where Mr. Mirro says that "[i]n light of the fact that Mr. Fogel plans to relocate late in May, I have slotted two of Mr. Fogel's deponents into time slots previously occupied by deponents of interest to another plaintiffs' counsel"[5]. Mr. Mirro did not copy me on that letter. As I describe in the April 11, 2007, Mr. Mirro without consulting me unilaterally sacrificed deposition dates that had been set for deponents I had noticed, when doing so was entirely unnecessary to accommodate Mr. Fogel's needs, and after I had explicitly expressed my unwillingness to move my deponent officers' dates when Mr. Fogel contacted me and informed me of what Mr. Mirro wanted to do. Both Mr. Fogel's and my needs could easily have been accommodated, and I should clearly have been copied on that correspondence with the Court.

Another, even more problematic example that yesterday came to light, is that in the fall of 2006 Mr. Dougherty wrote the Court in the Concepcion case and revealed one of my client's confidential information that was subsequently memo endorsed into the public record without my knowledge. I was not copied on that letter when it was sent to the Court and was unaware of it until yesterday, when Mr. Dougherty, to his credit, wrote to alert the Court to the problematic passage in order to seek to have it removed from the public record in keeping with Judge Karas' recent ruling in that regard. Further, during a recent telephone conference with the Court concerning the provision of the City's Intelligence documents to the NY Times, I was forced to inquire as to what Mr. Farrell was referencing, because I had not been made aware of prior

---

[3] That "persons with knowledge" letter is annexed hereto as **Exhibit C**.

[4] Plaintiffs reserve their right to seek to preclude or limit testimony by all or some of these "individuals with knowledge."

[5] Mr. Mirro's April 4, 2007 letter to the Court in the Banno case is annexed hereto as **Exhibit D**.

submissions to the Court on the subject (a subject which affects me directly, in light of Mr. Farrell's recent application).

These new facts justify a reconsideration of Your Honor's previous oral denial of my application. Other similar examples of the City's failure to properly copy me on correspondence with the Court were given in my original application to the Court in this regard in my January 11, 2007 letter.

Beyond that, and more fundamentally, the City continues to benefit from its omniscience with regard to what has been communicated with the Court in these cases (and with regard to Your Honor's rulings in other RNC cases, not all of which are communicated to all RNC plaintiff's counsel), and I and my fellow plaintiffs' counsel have been and continue to be at a material disadvantage in this regard that is affecting plaintiffs' due process rights. The City is able to proceed in full illumination, while plaintiffs' counsel are forced to navigate as if by lamplight, with incomplete information as to matters that affect them both directly and indirectly. As I explained in my letter to Your Honor of January 11, 2007, a great many matters in these RNC cases are intertwined and overlapping, and all RNC correspondence with the Court, from any RNC party, affects the framework within which the Court acts and considers the many intertwined and overlapping issues. All RNC correspondence with the Court, from any RNC party, in these cases that have been consolidated for discovery purposes should therefore properly be distributed to all RNC counsel. The burdens of doing so are exceedingly minimal, given the RNC Distribution List established pursuant to Discovery Order #1 to facilitate communication amongst all RNC counsel.

For the foregoing reasons, I respectfully request that the Court reconsider its oral ruling of January 12, 2007 and issue an order requiring that all correspondence with the Court from any RNC party be transmitted to all other RNC counsel via the RNC Distribution List that was established pursuant to Discovery Order #1. Plaintiff's counsel in the Concepcion case, Karen Wohlforth and Zelda Stewart, join me in this application.

## Request for Extension to Case Management Order Deadline for Expert Disclosures

Under the current Case Management Orders in the above-captioned actions expert disclosures are due on May 1, 2007. Plaintiffs, however, still await a number of important documents that are necessary in order to make these disclosures, such as documents from the Pier's Bulletin Boards[6], documents from the Health and Hospital Corporation, and documents from the AKRF and ARUP companies that underlay the City's reports concerning Pier 57[7].

Plaintiffs respectfully request that plaintiffs' expert disclosures be due 30 days from the time that plaintiffs receive all outstanding documents concerning Pier 57 from the Law Department, HHC, and ARUP and AKRF.

I have inquired as to whether the Law Department consents to this request, but have not received a definitive response. This is plaintiffs' first request for an extension specifically relating to the deadline concerning plaintiffs' expert disclosures.

[6] Mr. Beck of the Law Department has promised me that these documents will be forthcoming shortly.
[7] These documents are returnable to counsel in the MacNamara case.

4

For the foregoing reasons, I respectfully request that the Court: 1) address problems related to the scheduling of depositions of defense witnesses in the RNC cases at Friday's conference or at another conference to be scheduled in the near future; 2) reconsider Your Honor's oral ruling of January 12, 2007 and issue an order requiring that all correspondence with the Court from any RNC party be transmitted to all other RNC counsel via the RNC Distribution List that was established pursuant to Discovery Order #1; and 3) extend plaintiffs deadline to make their expert disclosures to 30 days from the time that plaintiffs receive all outstanding documents concerning Pier 57 from the Law Department, HHC, and ARUP and AKRF; and grant such other and further relief that the Court deems appropriate and just.

I thank the Court for its patience and consideration in this matter.

Respectfully submitted,

/S/
Jeffrey Rothman

encs.

cc:    James Mirro, Esq. (by e-mail distribution list)
       Jeffrey Dougherty, Esq. (by e-mail distribution list)
       Fred Weiler, Esq. (by e-mail distribution list)
       Curt Beck, Esq. (by e-mail distribution list)
       Peter Farrell, Esq. (by e-mail distribution list)
       All RNC counsel (by e-mail distribution list)

# EXHIBIT
# G

BELDOCK LEVINE & HOFFMAN LLP

99 PARK AVENUE

NEW YORK, N.Y. 10016-1503

ELLIOT L. HOFFMAN
MYRON BELDOCK
BRUCE E. TRAUNER
PETER S. MATORIN
KATHERINE G. THOMPSON
ROBERT L. HERBST
CYNTHIA ROLLINGS
JONATHAN MOORE
KAREN L. DIPPOLD
JEFFREY A. GREENBERG
JONATHAN K. POLLACK
VERA M. SCANLON

TEL: (212) 490-0400
FAX: (212) 557-0565
WEBSITE: blhny.com

LAWRENCE S. LEVINE (1934-2004)

SPECIAL COUNSEL
MARJORY D. FIELDS
COUNSEL
MELVIN L. WULF

REF:

WRITER'S DIRECT DIAL:

(212) 277-5882

April 25, 2007

## VIA FACSIMILE - (212) 805-7930

Honorable James C. Francis, IV
United States Magistrate Judge
United States District Court
500 Pearl Street, Suite 1960
New York, NY 10007-1312

Re:     *MacNamara, et al. v. City of New York, et al.*
        Case No. 04-CV-9216 (KMK) (JCF)
        *Portera v. City of New York, et al.*
        Case No. 05-CV-9985 (KMK) (JCF)

Dear Judge Francis:

As counsel for plaintiffs, we write to update the Court on activity in the case over
the last month and to note several issues to be addressed at tomorrow's status conference.

### Case Activity

Motions:

• On April 20, 2007, defendants' served their request for relief concerning
the March 25, 2007 New York Times article, *City Police Spied Broadly
Before G.O.P. Convention*. Plaintiffs' opposition is due May 4, 2007,
with any reply due May 18.

1

BELDOCK LEVINE & HOFFMAN LLP

- On April 4, 2007, defendants' motion to quash the third party subpoenas *duces tecum* served on environmental companies AKRF and Ove Arup was denied. Plaintiffs have requested reconsideration of the cost and fee-shifting portion of the decision. A conference to address this issue is scheduled for April 27, 2007 at 3 p.m.

- On April 4, 2007, defendants' March 14, 2007 request to take 21 additional depositions before opposing plaintiffs' motion for class certification was granted to the extent that defendants are permitted to depose 9 putative class members. The depositions are to be completed by May 21, 2007 (see below regarding deposition schedule). Defendants' opposition to class certification is then due June 21, with plaintiffs' reply due July 13.

- On April 20, 2007, defendants submitted a letter request seeking, *inter alia*, to dismiss plaintiff Deirdre MacNamara's claims. Plaintiffs opposed on the same date, asking the Court to find that defendants have waived their right to depose Ms. MacNamara. Defendants reply, if any, is due today.

- On March 28, 2007, plaintiffs moved Judge Karas for reconsideration pursuant to Fed.R.Civ.P. 72 of the portion of the Court's March 14, 2007 order upholding defendants' assertion of the attorney-client privilege with respect to inquiry into the role of the NYPD Legal Bureau during the RNC. Defendants' submitted their opposition on April 17, 2007. Plaintiffs' reply is due May 1.

Depositions: Since the last status conference, plaintiffs have deposed Lt. Wolf and Lt. Crimmins who were involved in the 8/31/04 arrests on 35th Street. Plaintiffs also deposed Inspector DiRusso and P.O. Nelson who were involved at the 8/31/04 arrests at 17th Street and 5th Avenue and participated in the depositions of three other arresting officers from that location. Plaintiffs had planned to participate in the depositions of P.O. Chaparro, Captain Dowling, P.O. Cordero and Lt. Berquist, all of which were originally scheduled to occur prior to this Friday's conference. Defendants adjourned all four depositions with no future proposed dates.

## Issues to Be Addressed

### Scheduling of Plaintiffs' Depositions

The following plaintiffs' deposition dates are confirmed:

Michael Binder - April 26
Rebecca Stoneback - May 1
Carolyne Ali-Kahn - May 9
Jason Barrus - May 15

2

BELDOCK LEVINE & HOFFMAN LLP

In the event the Court finds defendants have not waived their right to depose Deirdre MacNamara, the parties are in the process of arranging a date for Deirdre MacNamara's deposition. Defendants have yet to identify the remaining four people they wish to depose by May 21, 2007.

## Defendants' Violation of Judge Karas' Order Regarding Production of Plaintiffs' Records Prior to Depositions

Judge Karas' April 4, 2007 order requires defendants to produce all records obtained pursuant to a release from the plaintiff at least one week in advance of the plaintiff's deposition. (See Order, attached as Exhibit A). Defendants produced no records in advance of Deirdre MacNamara's deposition, which had been scheduled for April 20. They produced records for Michael Binder on April 23, three days before his deposition scheduled for April 26. At present, less than a week remains until Rebecca Stoneback's May 1 deposition and defendants have not produced records obtained pursuant to releases she provided on March 31, 2006 for the Charleston Family Health Center, Dr. Shaw of Reflections of Livingston, and the Hunterdon Medical Center.

Defendants' failure to comply with Judge Karas' order prejudices the plaintiffs' ability to prepare for their examinations. We therefore request that defendants be ordered to produce all records for Ms. Stoneback no later than at the 4 p.m. status conference this Friday, April 27, or be precluded from questioning Ms. Stoneback about them. We further request that, going forward, defendants be precluded from questioning plaintiffs about medical records received by defendants that have not been produced a week prior to the deposition.

## Production of Documents Compelled by March 14, 2007 & April 20, 2007 Orders

This Court's Memorandum and Orders of March 14 and April 20 require defendants to produce multiple documents that were previously withheld based on various asserted privileges. Plaintiffs had asked that the documents covered by the March 14th order be produced by April 9th. When defendants failed to do so, plaintiffs wrote to defendants on April 18, asking them to propose a date by which to make this production. Defendants have not replied.

Plaintiffs request that a date(s) be set by which defendants will produce the documents compelled by the two orders.

## Scheduling of Defense Witness Depositions

### MacNamara

Plaintiffs are concerned by the pace at which defense witness depositions are proceeding.

3

BELDOCK LEVINE & HOFFMAN LLP

In the MacNamara action, on April 8, 2007, plaintiffs noticed 9 depositions of police personnel identified in the arrest paperwork as having been involved in the arrests of plaintiffs Randall Steketee, Carolyn Ali-Khan, Stacy Cotler, Wendy Steffanelli and Michael Binder. (See Email Notice, attached as Exhibit B). These noticed depositions target arrest locations where the individual(s) who gave the arrest order have not yet been identified. For the purpose of amending the class action complaint it is crucial that these depositions be taken well in advance of August 31, 2007, which is when the 3 year statute of limitations will have run.

Under Discovery Order #2, these depositions are to be scheduled by April 29 and completed by June 10. At present, only 2 of the 9 have been scheduled (P.O. George Shannon and Captain Dowling) and Captain Dowling is slotted for September 4, 2007, after the statute of limitations will have expired. (See April 9, 2007 Memo from James Mirro to All RNC Counsel setting forth deposition schedule through 9/6/07, attached as Exhibit C). James Mirro has represented that defendants will propose dates for the remaining 7 witnesses by early next week and we have requested that they be scheduled well in advance of August 31, including that Captain Dowling's be moved forward. If the parties are unable to resolve the matter next week, plaintiffs will request that the Court order that the 9 depositions be completed by a date certain sufficient to allow plaintiffs to amend.

### Portera

Similarly, in Brian Portera's case, the individual(s) who gave the order to arrest have not yet been identified. The depositions of P.O. Gonzales and Captain Shea, who were both involved in Mr. Portera's arrest, were noticed on January 31, 2007 and are currently scheduled for August 14, 2007 and August 16, 2007 - six and a half months after they were formally noticed and a scant two weeks before the 3 year statute of limitations will have run. (See Exhibit C). Plaintiff's counsel today also called Mr. Mirro to discuss moving these depositions to an earlier date. Mr. Mirro has not responded. If the parties are not able to resolve the matter in advance of Friday's conference, plaintiffs will request that the Court order that the 2 depositions likewise be completed by a date certain sufficient to allow plaintiffs to amend.

### Depositions in General

In addition to the specific depositions noted above that are of particular urgency, there is a global issue with respect to scheduling depositions in these RNC cases in a manner that will allow fact discovery to conclude in any sort of timely fashion. The current deposition schedule already extends into September because defendants have refused to schedule more than 2 or 3 depositions a week across all RNC cases. Meanwhile, there are many depositions both in this case and other RNC cases that have been noticed but not yet scheduled (see, e.g., 4/12/07 Notice of 24 Depositions, attached as Exhibit D and 4/25/07 Spiegel Letter to Court at p. 2), as well as additional depositions on all sides still to be noticed. In light of this, plaintiffs request that a separate

4

BELDOCK LEVINE & HOFFMAN LLP

conference be scheduled at the Court's soonest convenience to address deposition
scheduling in the RNC cases.

Thank you for your consideration in these matters.

Respectfully yours,

Jonathan C. Moore (JM 6902)
Clare Norins (CN 2821)
Rachel Kleinman (RK 2141)

Cc.    All RNC Counsel (via RNC email distribution list)

# EXHIBIT H

THE LAW OFFICES OF
## MICHAEL L. SPIEGEL
111 BROADWAY, SUITE 1305
NEW YORK, NEW YORK 10006
TEL:(212)587-8558    FAX:(212)571-7767

May 23, 2007

### BY FAX TO (212)805-7930
Hon. James C. Francis IV
United States Magistrate Judge
United States District Court
500 Pearl Street, Room 1960
New York, NY 10007-1312

> Re:   Adams, et al. v. City of New York, et al.
>        05 Civ. 9484 (KMK)(JCF)

Dear Judge Francis:

I write concerning depositions of police personnel which have been noticed pursuant to Discovery Order #2, but have not been scheduled. Plaintiffs request that the Court "So Order" the schedule set forth below.

On March 5, 2007, and again on April 19, 2007, co-counsel Rick Best, Esq., notified Assistant Corporation Counsel Jeffrey Dougherty that plaintiffs wished to take depositions of police officers who were involved in the mass arrests on East 16th Street on August 31, 2004. When plaintiffs received no response from Mr. Dougherty, who is the assigned City attorney on this case, I wrote A.C.C. James Mirro on May 16, 2007. (At the last conference before the Court, Mr. Mirro had informed plaintiffs' counsel that he was the designated City attorney for scheduling police depositions.) I wrote on behalf of myself and Jeffrey Rothman, Esq., who had also noticed officers involved in the East 16th Street arrests in the Bastidas case. (The e-mails and May 16, 2007, letter are attached.)

In the May 16, 2007, letter to Mr. Mirro I requested that he schedule the 27 officers who had been previously noticed for depositions on any fourteen days of his choosing between June 1, 2007, and July 20, 2007. My request was that he schedule two of the listed officers to appear *seriatum* on each of the designated days. I have received no proposed dates for any of the listed officers. Therefore, plaintiffs respectfully request that Your Honor order that depositions be taken on the following schedule:

June 5, 2007
Capt. Chico at 10:00 a.m; Sgt. Jim Giambrone at 2:00 p.m.

June 7, 2007
Capt. William Tracy at 10:00 a.m; Sgt. Crichigno at 2:00 p.m.

1

June 12, 2007
Capt. Alexander Laera at 10:00; Sgt. Edward Fackler at 2:00 p.m.

June 14, 2007
Lt. (now Capt.?) James Franzo at 10:00 a.m.; Sgt. Daniel Sarrubbo at 2:00 p.m.

June 20, 2007
Lt. John Pribetich at 10:00 a.m.; Sgt. Lundberg at 2:00 p.m.

June 26, 2007
Lt. Keegan at 10:00 a.m.; Sgt. Hugh Byrne at 2:00 p.m.

June 28, 2007
Lt. Daniel Hayes at 10:00 a.m.; Sgt. Steven Dean at 2:00 p.m.

July 10, 2007
Lt. Dave Seive at 10:00 a.m.; Sgt. Evan Minoque at 2:00 p.m.

July 12, 2007
Sgt. Michael Sold at 10:00 a.m.; P.O. Jeremiah Malone at 2:00 p.m.

July 18, 2007
Sgt. Jorge Encarnacion at 10:00 a.m.; P.O. Cuong Nguyen at 2:00 p.m.

July 24, 2007
Sgt. Allison Keating at 10:00 a.m.; P.O. Victor Perez at 2:00 p.m.

July 26, 2007
Sgt. Conor McCourt at 10:00 a.m.; P.O. Jonathan Quimby at 2:00 p.m.

July 31, 2007
P.O. Remy Randall at 10:00 a.m.; P.O. Daniel Ryan at 2:00 p.m.

August 2, 2007
P.O. Daniel Jasiinski at 10:00 a.m.

The letters to the Court from Jeffrey Rothman, Esq., (dated May 14, 2007), and from Beldock Levine (dated May 23, 2007), noticed depositions on some of the same dates listed above. I have consulted with Mr. Rothman and Ms. Norins, and we request that the Court "So Order" all three schedules; plaintiffs' counsel intend to take some depositions simultaneously in separate locations.

2

Finally, with regard to the fact that I have requested that the depositions of the above officers take place two-per-day, that application is specific to these officers and the time that plaintiffs believe will be necessary to depose them. It does not constitute consent to abbreviate any other depositions.

Respectfully submitted,

Michael L. Spiegel

MLS:ms

cc:    James Mirro, Esq. (by fax)
       RNC Distribution List (by e-mail)

3

# EXHIBIT
# I

UNITED STATES DISTRICT COURT                   **(ECF)**
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - :
MICHAEL SCHILLER, FRANCESCA          :   04 Civ. 7922 (KMK) (JCF)
FIORENTINI, ROBERT CURLEY, and       :   LEAD CASE
NEAL CURLEY,                         :

              Plaintiffs,            :
                                         USDC SDNY
     - against -                     :   DOCUMENT
                                         ELECTRONICALLY FILED
The CITY OF NEW YORK; RAYMOND        :   DOC #: _____
KELLY, Commissioner of the New       :   DATE FILED: 7/5/07
York City Police Department;         :
TERENCE MONAHAN, Assistant Chief     :
of the Bronx Bureau of the New       :
York City Police Department,         :   DOCKET IN ALL

              Defendants.            :   RNC CASES
- - - - - - - - - - - - - - - - - - :
                                     :
HACER DINLER, ANN MAURER, ASHLEY     :
WATERS,                              :   04 Civ. 7921 (KMK) (JCF)
                                     :
              Plaintiffs,            :         O R D E R
                                     :
     - against -                     :
                                     :
CITY OF NEW YORK, COMMISSIONER       :
RAYMOND KELLY,                       :
                                     :
              Defendants.            :
- - - - - - - - - - - - - - - - - - :
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

     Counsel having submitted lists of agreed dates for depositions
as well as lists of deponents for whom no date has been agreed
upon, it is hereby ORDERED as follows:

     1.   Depositions shall be conducted in accordance with the
schedule set forth in the Appendix to this order.   Counsel may
deviate from that schedule only upon written stipulation or further
order of the Court.

     2.   Where counsel appear to have agreed on more than one date
for any witness, that witness has been listed for multiple dates.

3. Witnesses previously deposed have not been included in the schedule. If and when a dispute arises concerning either the propriety of recalling such a witness or the date of such a deposition, I will adjudicate those issues.

4. All counsel shall receive electronic notice of this order via ECF.

SO ORDERED.

*James C. Francis IV*

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
          July 5, 2007

Copies mailed this date:

Christopher T. Dunn, Esq.
New York Civil Liberties Union
125 Broad Street, 17th Floor
New York, New York 10004

Peter G. Farrell, Esq.
Special Assistant Corporation Counsel
City of New York Law Department
100 Church Street
New York, New York 10007

Joseph Carranza
P.O. Box 575060
Whitestone, New York 11357

## APPENDIX

July 2-6, 2007

| Date | Plaintiffs Witnesses | Defendants Witnesses |
|------|----------------------|----------------------|
| 7/2  | Crotty               |                      |
| 7/3  | Geocos<br>Hardesty   | PO Denise Rose Hinksman<br>Sgt. Sean O'Connor |
| 7/5  |                      | DC Vincent Giordano  |
| 7/6  | Flynn                |                      |

July 9-13, 2007

| Date | Plaintiffs Witnesses | Defendants Witnesses |
|------|----------------------|----------------------|
| 7/9  | Ryan                 | Captain William Crossan<br>PO Linder |
| 7/10 | Lucrezia<br>Neary<br>Roebling<br>Tepsic | PO Keri Mitchell<br>Sgt. Evan Minoque<br>Lt. David Sleve<br>Insp. James McCarthy |
| 7/11 | Henriksan<br>Heinegg<br>Migliore<br>Burns | |
| 7/12 | Rochfort<br>Charity James | PO Donald Nelzi<br>Sgt. Michael Sold<br>PO Jeremiah Malone |
| 7/13 | Rosemoore<br>Vaughan<br>Poe<br>Hannah Janeway | Captain Ronald Mercandetti |

July 16-20, 2007

| Date | Plaintiffs Witnesses | Defendants Witnesses |
|------|----------------------|----------------------|
| 7/16 | Ponce<br>Lorusso<br>Stone | Sgt. Allison Mullen<br>Lt. Byrne<br>PO Michael Eils<br>PO Michael Caligere<br>Lt. Brian Jackson<br>Lt. Chris Delsante |
| 7/17 | Vaull<br>Milne<br>Marx | Sgt. Eddie Murpy<br>Det. Michael Cummings<br>PO Phillip Facenda<br>PO Magdalen Kobiolka<br>PO Yahaira LaChapell |

| 7/18 | Lalier<br>Marty<br>Rosenberg<br>Paris | Lt. James O'Sullivan<br>Sgt. Jorge Encarnacion<br>PO Cuong Nguyen |
|---|---|---|
| 7/19 | Paine<br>C. Lee<br>Ortiz<br>Palmer | UC 6216<br>PO Johanna Greenberg<br>PO Timothy Cai<br>PO Ed Harrigan |
| 7/20 | Parrot<br>Melchor<br>Church<br>Howe | Lt. John Berquist<br>PO Valerio Rodriguez<br>PO Joseph Cappleman |

July 23-27, 2007

| 7/23 | Biddle<br>Benjamin<br>Goldenberg<br>Jashnani | Cpt. Chico<br>Cpt. Alexander Laera<br>EMT Emery Taylor |
|---|---|---|
| 7/24 | Biddle<br>Ingber<br>Wipfli<br>Henry | PO Vincent Fortunato<br>PO Victor Perez<br>Sgt. Allison Keating<br>PO Tyree Fischer<br>PO Sal Sedita |
| 7/25 | Wood<br>Hasa<br>Feinstein<br>Miller | Chief William Morris<br>Sgt. Donnelly<br>Sgt. Darligan |
| 7/26 | Bekavac<br>Hardesty<br>Dickerson<br>St. Laurent | Connie Fisher<br>Lt. John Dolan<br>Sgt. Evelyn Rivera<br>Sgt. Conor McCourt<br>PO Brett Bara<br>PO Heriberto Mercado |
| 7/27 | Adams<br>Stark<br>Cheung<br>Petrick | John Doe White Shirt Supervisor |

July 30-Aug.3, 2007

| 7/30 | Stipe<br>Muellan<br>Pogge<br>Goldberg | Lt. Daniel Albano<br>PO Courtney Hamlin<br>Sergio Coppola |
|---|---|---|
| 7/31 | Zalk<br>Crook<br>Mukerjee<br>Robinson | Dl Michael Yanosik<br>Sgt. William Murphy<br>PO Remy Randall<br>PO Daniel Ryan<br>PO Christopher Chan<br>PO Patrick Speechley |

| 8/1 | Giuliani<br>Roberts<br>Swink<br>Howard | Steven Hammerman<br>PO Jose Chaparro |
|---|---|---|
| 8/2 | Mitrano<br>Albert<br>Raymond | Insp. Thomas Pelligrino<br>Captain Eugene Montchal<br>PO Daniel Jasinski<br>Lt. John Pribetich |
| 8/3 | Fowler<br>Bornstein<br>Nechay<br>Shiller | PO Adam Piergostino<br>PO Thomas Carney<br>PO Patrice Barolette |

### Aug. 6-10, 2007

| 8/6 | Sladek<br>Averbakh<br>Jones<br>O'Reilly | PO Michael Balicki<br>Sgt. Bolte<br>PO Jagdeep Singh |
|---|---|---|
| 8/7 | Griffith<br>Wood<br>Hall<br>Turse | PO John Cousins |
| 8/8 | Taft<br>Alexander<br>Tejada<br>Ellisen | PO Melissa Roman<br>Insp. Ward |
| 8/9 | Lewis<br>Sidle<br>Ogden-Nuss<br>Remmes | PO Gregory Karnbach<br>Ranking DCPI employees at 16th St.<br>Ranking NYPD Legal Bureau at 16th St. |
| 8/10 | Bensen<br>Sidle<br>Lefemine | Sgt. Michael Ingram<br>PO Javier Cordero<br>Chief Michael Scagnelli<br>Sgt. Arthur Smarsch<br>PO Kathleen Curnyn |

### Aug. 13-17, 2007

| 8/13 | Nelia<br>Calabrese<br>Cook<br>Bhalla | PO Raymond Ng<br>Ranking DCPI employee Fulton St.<br>PO Matt Wohl<br>PO Walter Padilla<br>PO Martin Vasquez |
|---|---|---|
| 8/14 | Flaton<br>Luci<br>Bunn<br>Rigby | Lt. James Griffin<br>Lt. Joseph Sitro<br>PO Michael Carrieri<br>PO Joseph Andrade |

| 8/15 | Gingold<br>Lang<br>Richins | PO Kegham Jarjokian<br>Cmmr. Garry McCarthy<br>Cmmr. Robert Messner<br>"Blue"<br>PO Christopher Triquet |
|------|------|------|
| 8/16 | Chandra<br>Rivera<br>Spector<br>Rettstadt | Capt. Robert Bonifati<br>Sgt. Crichigno<br>Sgt. Daniel Sarrubbo |
| 8/17 | Botbol<br>Blackburn<br>Kyne | Captain Dowling<br>PO Steven Papola |

Aug. 20-24, 2007

| 8/20 | Roth<br>Lassel<br>Behling<br>Duncan | Captain Dermot Shea<br>PO Brian McSweeney<br>PO James Wolff<br>PO John Rooney |
|------|------|------|
| 8/21 | Rechtschaffer<br>Bhagat<br>Rubin<br>Dietzen<br>Cohen | PO Neil Rodriguez<br>Sean Gumbs<br>Patrick Quigley |
| 8/22 | Rorvig<br>Langley<br>Emmer<br>Knapp | PO Victoria Schneider |
| 8/23 | O'Dierno<br>Todd<br>Glick<br>Grisham | PO Noel Rodriguez<br>Insp. John Hughes |
| 8/24 | Pielri<br>Winkler<br>T. Gaster | Sgt. Gregory Pekera<br>PO Jason Wolf<br>PO Tanisha Diaz<br>Martin Paolino<br>Sgt. Leslie Chan |

Aug. 27-31, 2007

| 8/27 | Aikman<br>Davidson<br>Trinkl<br>Eastwood | PO Michael Filoseta<br>Lt. Chris Pasquarelli |
|------|------|------|
| 8/28 | Pelcynski<br>Muench<br>Rosenthal<br>Trudell<br>C. Dwyer | Sgt. Jim Giambrone<br>Sgt. Hugh Byrne |

| 8/29 | Fremont<br>Borok<br>Renwick<br>Hunt<br>Martin | Sgt. Anthony Rivers<br>Sgt. Janus Fitzpatrick<br>PO David Lawrence<br>PO Gregory Markowski |
|---|---|---|

8/30    Portera / Buhle / Walker / Wu    Lt. Antonio Venice

8/31    Greenwald / Vreeland / Conley    PO Anthony Mason

Sept. 3-7, 2007

9/4    Galitzer / Brar / DeBruhl / Gaster    Sgt. Holmes

9/5    Viertel / Janeway / Tremayne / Stephens / Kalra    Lt. Christopher Czark / Sgt. John White / Sgt. Anthony Dellavalle

9/6    Katz / Kappel / Gamboa / Sanchez / Albertson    PO Francesco Belluscio / PO Robert Hamer

9/7    Biddle / Rubinfeld / Ferrand-Sapsis / Wilson / Walden / Carranza    Comm. Thomas Doepfner

Sept. 10-14, 2007

9/10    Argyros / Quick / Reyna / Janney / Wright    Sgt. Geraldine Falcon / Sgt. Frederick Grover / PO John Martinez / PO Jacqueline DeCarlo

9/11    Juarez / Mathews / Williamson / Esquiviel    Ruby Marin-Jordan / Det. Ahearn / Sgt. DeConne

| 9/12 | Kojis<br>Holt<br>Gross<br>Ekberg<br>Albertson | Lt. John Connolly |
|------|------|------|

| 9/13 | Freas<br>Davies<br>A. Sensiba<br>G. Sensiba | Insp. Kerry Sweet |
|------|------|------|

| 9/14 | Bastidas<br>Shekarchi<br>Mulligan<br>Segal<br>Jordan | PO Kevin Scott<br>Sgt. Anthony Kempinski<br>Sgt. Marc Manara |
|------|------|------|

Sept. 17-21, 2007

| 9/17 | Soloff<br>Becker<br>Capps<br>Lovecchio | Insp. John O'Connell<br>PO Joseph Fong<br>PO Brian Martin<br>PO John Murtagh |
|------|------|------|

| 9/18 | Sakayama<br>Edwards<br>Epstein<br>Drummond<br>Walsh | SA Stephen Hughes |
|------|------|------|

| 9/19 | Reed<br>Rahn<br>Vik<br>Hotchkiss<br>O'Reilly-Rowe | Captain Thomas Arnet<br>PO Bart Pipcinski<br>Lt. Daniel Hayes<br>Sgt. Steven Dean<br>Mark Vazques |
|------|------|------|

| 9/20 | Majmudar<br>Schulmeister<br>Consigny<br>Catchpole<br>Drescher | PO Raul Santos<br>PO Michael Christian |
|------|------|------|

| 9/21 | Weaver<br>Belbin<br>Parry<br>Spritzer | Captain Andrew Savino<br>PO Santo Ippolito<br>PO William Haut |
|------|------|------|

Sept. 24-28, 2007

| 9/24 | Barron<br>Cox<br>Pardew<br>D. Dwyer<br>Petrello | Lt. Daniel MacFarland<br>PO Neil Stumpf<br>PO Christopher Krutys |
|------|------|------|

| 9/25 | Laura<br>K. Roberts<br>Bunim<br>Zambeck<br>Arenda | PO Michael Safoshnick<br>PO Josh Lewis<br>PO Linda Araque<br>PO Mark Steiner |
|---|---|---|

| 9/26 | Caspar<br>Dyer<br>Schoemann<br>Wilson<br>Miller | Crim. Justice Coordinator Reps.<br>Sgt. O'Toole<br>Sgt. Marerro |
|---|---|---|

| 9/27 | Adamson<br>Haglund<br>Podber<br>Ditman<br>Cohnen | Sgt. Gantt<br>White shirted supervisor |
|---|---|---|

| 9/28 | Jabour<br>Shaw<br>Weikart<br>Noonan<br>Lang | Yahoshua Blisko |
|---|---|---|

Oct. 1-5, 2007

| 10/1 | Xu<br>Zariela<br>Handleman<br>Assam<br>Kressly | PO Debra Mitchell<br>PO James Grimes<br>PO Alberto Angilletta<br>PO Rene Sola |
|---|---|---|

| 10/2 | Kaplan<br>Vendetti<br>Pan<br>Rueckner | Det. Joseph Sobolewski<br>PO Jason Stewart<br>PO Sontz<br>PO Timothy Spies<br>PO Ebony Huntley |
|---|---|---|

| 10/3 | Heinhold<br>Kunz<br>Ellmannn<br>Martini<br>Miller | PO Mona Phillips<br>Capt. Kavanaugh<br>Carmine Fiore |
|---|---|---|

| 10/4 | Flanigan<br>Eifert<br>Toerper<br>James<br>Cavanagh | Lt. Connolly<br>Sgt. Chang<br>Det. Nicholas Stanich<br>PO Brendan Meehan |
|---|---|---|

| 10/5 | Miller<br>Hurley<br>Whitney<br>Norwid<br>Turner | PO Jason Martinoff<br>Sgt. Thomas Durkin<br>PO Gary Florencio |
|---|---|---|

Oct. 8-12, 2007

| 10/8 | Potok<br>Gibbons | Sgt. Ronald Meyers<br>Sgt. Gerald Fitzpatrick<br>PO Poletto<br>PO Glenn Hudecek |
|---|---|---|
| 10/9 | Lesser<br>Dress<br>Taylor<br>Hottle<br>Lahn | PO Elvis Shero<br>Carlos Pucheco<br>Isaura Peralta |
| 10/10 | Reilly<br>Levin<br>Lynn<br>Hernandez<br>Tikkun | Amir Rasheed<br>PO Donna Farrell<br>PO Shawn Allen |
| 10/11 | Porto<br>Rosen<br>Weltha<br>Rose<br>Kanouse | Commander Charles DiRienzo<br>Lt. Charles Harnan<br>PO Gregory Michels<br>PO Louron Hall |
| 10/12 | Phillips<br>Maddox<br>Grimshaw<br>M. Lee<br>Ashbeck | Shakeel Ansari<br>PO James Chung<br>PO Michael Bonacci<br>PO Pavel Gomez |

Oct. 15-19, 2007

| 10/15 | Harak<br>Coburn<br>Heifetz<br>Bacon<br>Davis | PO Shield 4483<br>Sgt. Young<br>PO Steven Caraballo<br>PO Hui Chi |
|---|---|---|
| 10/16 | Ross<br>Cody<br>Strasser<br>Barber<br>Larson | PO Manzi<br>PO Adam Panasuk<br>PO Michael Ali |
| 10/17 | Conklin<br>Palmer<br>McGee<br>Gross<br>Kantor | PO Matthew Sherman<br>PO Maria Veliz<br>PO Victor Lebron<br>PO James Connolly |
| 10/18 | Goldstein<br>Peterson<br>Carney<br>Kavanagh | Sgt. Gutierrez<br>Sgt. Reynolds<br>Sgt. Rivers<br>Sgt. Rivera |

| 10/19 | Espisito<br>Tuzzolo<br>McEldowney<br>Langergaard<br>Kocek | PO Gabriel Healy<br>Gregory Fontaine |
|---|---|---|

Oct. 22-26, 2007

| 10/22 | Thomas-Melly<br>Aronowsky<br>Breznau<br>Nawalkowsky<br>Laken | PO Tyrone Riggan<br>PO Franklin Diaz<br>PO Colleen Killen |
|---|---|---|

| 10/23 | Wilcox<br>Mahoney<br>Murdock<br>Crane<br>Hill | Policy Witness (Tikkun) |
|---|---|---|

| 10/24 | Weiss<br>Partnow<br>Seshimo<br>Lanctot<br>Hedemann | PO Felicia Alfred<br>PO Sgt. Calderone |
|---|---|---|

| 10/25 | Swanson<br>Sassone<br>Pickett<br>Duvall<br>Lahond | PO Kimberly Daly<br>PO Michael Gonzalez<br>PO Terence McMenamy |
|---|---|---|

| 10/26 | Stefanelli<br>Gindi<br>Anastasio<br>Barrows<br>Boisvert | PO Giuseppe Ganci<br>Sgt. Shield 2713<br>PO Lucille Fredericks |
|---|---|---|

Oct. 29-Nov. 2, 2007

| 10/29 | Sikelianos<br>Kaye<br>Sperry<br>Wetherby<br>Siegel | PO John Woods<br>PO Michael Deckert |
|---|---|---|

| 10/30 | Meyer<br>Pelzek<br>Gordon<br>Barfield | PO Moises Martinez<br>PO Thomas McDonnell |
|---|---|---|

| 10/31 | Sloan<br>Fix<br>Adams<br>Logan<br>Parrott | PO Joseph Bucchignano<br>PO Virgilio Benscosme |
|---|---|---|

| 11/1 | Lovejoy<br>Philips<br>Lebet<br>Nicinski<br>McGee | Lt. James Johnson<br>Captain McCormack |
|------|---|---|
| 11/2 | Hobbs<br><br>Vilanova-Marques<br>Duhaime<br>San Marchi<br>Dorals | Official re DOCS Planning &<br>Arrest Processing<br>David Szaboles<br>Stephen Valentine |

Nov. 5-9, 2007

| 11/5 | Flynn<br>Martin<br>White<br>Shotwell<br>Colville | PO Robert Martin<br>PO Gerard Neumann |
|------|---|---|
| 11/6 | Hankin | Sgt. Acosta<br>Shield 14447<br>Lt. Thomas Lowe |
| 11/7 | Schutzenhofer<br>Moran<br>Freitag<br>Krassan<br>Benn | Roland Betts<br>PO Gregory Bell |
| 11/8 | Adame<br>Elfrank-Dana<br>Reyes<br>Scofield<br>Kern | Insp. James Capaldo<br>Lt. Raymond Spinella<br>PO Michael Ho<br>PO Drew Repetti |
| 11/9 | Landwehr<br>Jenkins<br>Pincus<br>D'Ornellas<br>Murray | PO Khamwate Brijbukhan<br>PO Dominick Bizarro |

Nov. 12-16, 2007

| 11/12 | Walsh<br>Perry<br>Hardie<br>Joseph | PO John Epstein<br>N. Hoy |
|-------|---|---|
| 11/13 | Corley<br>Ross<br>Bernard<br>Beeny | Scooter Supervisor |

11/14          Doxtader                PO James Roscher
               Kerns                   Det. Christopher Ambrose
               Burns                   PO Thomas Crean
               DeMott                  PO David Cicatiello

11/15          Hill                    Kenneth Singleton
               Prokop                  PO Matthew Loftus
               Kinane

11/16          Charney                 Cpt. John Scolaro
               Agnase
               Gunn
               Ivors