UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
<u>Galitzer v. City of New York, et al.</u>,          05 Civ. 7669 (RJS) (JCF)
<u>Xu, et al. v. City of New York, et al.</u>,       05 Civ. 7672 (RJS) (JCF)       **ECF CASES**
<u>Coburn, et al. v. City of New York, et al.</u>,   05 Civ. 7623 (RJS) (JCF)
<u>Sloan, et al. v. City of New York, et al.</u>,    05 Civ. 7668 (RJS) (JCF)
-----------------------------------------------------X

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' OBJECTIONS, PURSUANT TO FED.R.CIV.P. 72, TO MAGISTRATE JUDGE FRANCIS' MARCH 27 AND MARCH 28, 2008, ORDERS DISMISSING FIVE PLAINTIFFS' CLAIMS FOR EMOTIONAL DISTRESS**

Plaintiffs respectfully submit this reply in further support of their Rule 72 Objections to Magistrate Judge Francis' March 27 and March 28, 2008 Orders dismissing the emotional distress claims of Plaintiffs Gwynn Galitzer in the <u>Galitzer</u> case, Randy Xu and David Becker in the <u>Xu</u> (formerly <u>Carney</u>) case, Megan Thomas-Melly in the <u>Coburn</u> case, and Emily Sloan in the <u>Sloan</u> case.

Plaintiffs Galitzer, Xu, Becker, Thomas-Melly, and Sloan rely upon, and incorporate by reference, the Rule 72 Objections (dated November 16, 2007) and reply (dated March 24, 2008), and the exhibits thereto, made recently concerning this same issue in the consolidated RNC cases <u>Phillips, et al. v. City of New York, et al.</u>, 05 Civ. 7624 (RJS)(JCF) and <u>Sikelianos v. City of New York, et al.</u>, 05 Civ. 7673 (RJS)(JCF), which appealed from a similar Order by Judge Francis dated November 1, 2007 (and which further relied upon and incorporated by reference the briefs on this issue in <u>Adams, et al. v. City of New York, et al.</u>, 05 Civ. 9484 (RJS)(JCF), <u>Abdell, et al. v. City of New York, et al.</u>, 05 Civ. 8453 (RJS)(JCF), and <u>Tikkun v. City of New York, et al.</u>, 05 Civ. 9901 (RJS)(JCF)).

**Plaintiffs Properly Challenge Both The Sanction Of Dimissal Of Their Emotional Distress**

1

## Claims, As Well As The Requirement Implicit In That Order That They Produce Mental Health Discovery.

Plaintiffs Galitzer, Xu, Becker, Thomas-Melly, and Sloan, in compliance with Magistrate Judge Francis' Order to provide "complete responses" to Defendants' discovery requests, responded to Defendants' requests for mental health releases / records by interposing appropriate objections, invoking the psychotherapist-patient privilege, and refusing to provide the requested mental health discovery. All of this was proper, and was not in contravention to any Order. When Defendants then moved for sanctions and sought dismissal of these three plaintiffs' claims for emotional distress, plaintiffs reiterated their position and informed Judge Francis that, given his rulings in other RNC cases, plaintiffs understood that he would likely dismiss their claims for emotional distress over their objection. Judge Francis then entered Orders on March 27 and March 28, 2008 dismissing these plaintiffs' emotional distress claims (see, Exhibit A to Plaintiffs' April 11, 2008 Rule 72 Objections). Plaintiffs presently appeal from those Orders pursuant to Fed.R.Civ.Pro. 72.

Thus, there were never any Orders from the Court for these plaintiffs to provide mental health discovery that was separate from the Order dismissing their claims for emotional distress, and plaintiffs properly presently interpose objections to both the sanction of dismissal and the ruling, implicit in that Order, that plaintiffs were required to provide the mental health discovery in the first place. Further, there should be no bifurcation of the standard of review as requested by Mr. Dougherty, since this implicit ruling that plaintiffs were required to produce the mental health discovery arose in a manner inextricably intertwined with the sanction dismissing plaintiffs' claims for emotional distress. Thus, it was one and the same Order, and should be reviewed in its entirety under the *de novo* standard that is applicable to review of a Magistrate

2

Judge's Order that dismisses claims.

Plaintiffs also note that Defendants mischaracterize the record concerning Plaintiff Megan Thomas-Melly's and Plaintiff Gwynn Galitzer's deposition testimony in Footnotes 44 and 49 to their May 20, 2008 Opposition Brief. Contrary to Defendants' gloss, Ms. Thomas-Melly's deposition testimony does not state that she sought mental health treatment stemming from the RNC, and Ms. Galitzer's testimony does not state that her RNC experience "caused her" to return to a psychologist she had sought treatment from in the past.

### **Judge Karas' and Magistrate Judge Francis' Orders Requiring Production of Plaintiffs' Privileged Mental Health Information in the Consolidated RNC Litigation are Contrary to the Sound Public Policy Goals Enunciated in Jaffee v. Redmond, and Result in a Manifest Injustice to the Affected Plaintiffs.**

Plaintiffs, in reply, respectfully refer the Court to the arguments set forth by Plaintiffs Rafael Porto, Joel Miller, and Nikolas Sikelianos in the Phillips (05 Civ. 7624 (RJS)(JCF)) and Sikelianos (05 Civ. 7673 (RJS)(JCF)) RNC cases in their March 24, 2008 reply brief in further support of their Rule 72 Objections, which are responsive to reply to the City's present opposition brief of May 20, 2008.

Contrary to Defendants' statements in Footnotes 71 and 76 of their May 20, 2008 opposition brief, Plaintiffs have indeed argued in the March 24, 2008 reply in Phillips and Sikelianos (in supplement to the other plaintiffs' briefs incorporated by reference, including Mr. Spiegel's brief in Adams) that the sanction of dismissal of plaintiffs' emotional distress claims was not warranted, in addition to argument concerning the impropriety of the implicit orders compelling the underlying mental health discovery. That March 28, 2008 reply brief also further discussed the significance of Kerman v. the City of New York, 374 F.3d 93, 130-131 (2nd Cir.

2004), to the issues presented on these Rule 72 appeals.

### Should The Court Not Sustain Plaintiffs' Rule 72 Objections, The Court Should Certify This Issue For Appeal

Plaintiffs, in reply, again respectfully refer the Court to the arguments set forth by Plaintiffs Rafael Porto, Joel Miller, and Nikolas Sikelianos in the Phillips (05 Civ. 7624 (RJS)(JCF)) and Sikelianos (05 Civ. 7673 (RJS)(JCF)) RNC cases in their March 24, 2008 reply brief in further support of their Rule 72 Objections, which are responsive with regard to the certification issue to reply to the City's present opposition brief of May 20, 2008.

### Conclusion

The Court should therefore sustain Plaintiffs' Rule 72 Objections to Magistrate Judge Francis' March 27 and March 28, 2008 Orders, and grant such other and further relief as the Court deems just and proper.

Dated: June 2, 2008
      New York, NY

                                                Respectfully submitted,

                                                    /S/
                                        JEFFREY A. ROTHMAN, Esq. [JR-0398]
                                        315 Broadway, Suite 200
                                        New York, NY 10007
                                        (212) 227-2980
                                        *Attorney for Plaintiffs*