

| | THE CITY OF NEW YORK | Randall M. Elfenbein |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | *Special Assistant Corporation Counsel*<br>relfenbe@law.nyc.gov<br>Tel: (212) 374-3427<br>Fax: (212) 788-9776 |

August 7, 2008

**BY HAND**

The Honorable James C. Francis IV
United States Magistrate Judge
Daniel Patrick Moynihan
   United States Courthouse
500 Pearl Street - Room 1960
New York, New York 10007-1312

     Re:   *Xu, et al, v. City of New York, et al.,* 05 CV 7672 (RJS) (JCF)

Dear Judge Francis:

     Defendants respectfully request that the Court enter an Order permitting defendants to conduct the depositions of non-party witnesses Jonathan Nieves, Nicole Bade, Nate Bade, and Bob Perry, each of whom plaintiffs[1] expect to rely upon at trial or on dispositive motions. Your Honor previously endorsed defendants' application to take the depositions of those non-party witnesses that were consented to by the parties in the consolidated actions. (See Endorsed Letter from Tonya Jenerette, dated July 11, 1008). This application concerns the depositions of non-party witnesses where plaintiffs have refused to consent to some or all of the depositions.

     Plaintiffs first disclosed their intention to rely upon the non-party witnesses at issue by letter dated April 4, 2008 [A copy of Plaintiff's April 4, 2008 letter is annexed hereto as Exhibit A]. In this letter, Plaintiffs reserved the right to call at a trial of these matters four (4) non-party witnesses who have not been deposed. Defendants conferred with Plaintiffs' counsel in an effort to secure consent to proceed with the depositions of these witnesses. However, Plaintiffs refused consent on the grounds that defendants' request is untimely and that non-party witness Jonathan Nieves was allegedly disclosed in a 50-h hearing transcript and non-party witness Bob Perry another was disclosed in another of the cases.

---

[1] Plaintiffs Randy Xu, Delmar Conklin, David Becker, Sara Heifetz, Charity James, and Hannah Janeway (hereinafter collectively referred to as "Plaintiffs" or individually by last name). Lashley Carney, the original lead plaintiff, filed a Stipulation and Order of Settlement and Discontinuance on May 20, 2007.

Hon. James C. Francis IV, U.S.M.J.
August 7, 2008
Page 2 of 4

Taking the testimony of those witnesses is critical to defendants' ability to effectively prepare for trial and craft dispositive motions. For example, non-party witnesses Nicole and Nate Bade have knowledge of the circumstances of Plaintiffs' arrests. . In addition, non-parties Jonathan Nieves and Bob Perry have been identified as having information regarding the circumstances of the arrests. For these and the additional reasons set forth below, defendants respectfully request that the Court permit defendants to subpoena the following witnesses to appear for deposition:

- Jonathan Nieves
- Nicole Bade
- Nate Bade
- Bob Perry

I. *Defendants Learned for the First Time That Plaintiffs Would Rely On The Non-Party Witnesses At Trial By Letter dated April 4, 2008*

The witnesses defendants seek to depose were meaningfully identified for the first time in Plaintiffs' April 4, 2008 letter. Plaintiffs claim that defendants should have deposed these witnesses earlier in discovery when their names were disclosed in discovery materials such as deposition transcripts and interrogatory responses. However, reliance on Plaintiffs' interrogatory responses or deposition testimony would have required defendants to speculate, possibly to their detriment, about which witnesses Plaintiffs would likely call at trial or rely upon for summary judgment motions. It would have made no sense to depose hundreds of non-parties mentioned in vague interrogatory responses or by passing reference in party depositions without first determining (1) what information the witness possessed and (2) whether Plaintiffs intended to rely upon that information at trial or on summary judgment.

Moreover, this Court addressed and rejected plaintiffs' claim that mentioning witnesses in a deposition is sufficient notice of a party's intention to rely upon them at trial. In *Schiller v. City of New York*, 2007 U.S. Dist. LEXIS 16935, * 12 (S.D.N.Y. March 12, 2007), Your Honor held that "in a simpler case, a general reference to an individual during a deposition might be sufficient to put the parties on notice that that person is a potential witness. But in a complex case such as this, a far more direct discussion of the individual's role is required before a party is relieved of its obligations under Rules 26(a)(1) and 26(e)(1)." That ruling forecloses the notice arguments as to Bob Perry and Jonathan Nieves advanced by Plaintiffs here.

Plaintiffs' claim that non-party witness Jonathan Nieves was disclosed in a 50-h hearing transcript and that non-party witness Bob Perry was disclosed in another RNC case is sufficient notice of their intention to rely upon them at trial is also unavailing.

Hon. James C. Francis IV, U.S.M.J.
August 7, 2008
Page 3 of 4

Bob Perry was indeed identified in *Coburn*. However, the *Coburn* plaintiffs were all arrested at 45th and Eighth Avenue on August 29, 2004, while the Plaintiffs in this action were arrested at 17th Street on August 31, 2004. Defendants thus had no reason to believe that Mr. Perry had information relevant to plaintiffs' claims in this action.

As to Jonathan Nieves, plaintiffs' assertion that Mr. Nieves' testimony at a pre-litigation 50-h hearing[2] was sufficient notice to put defendants on notice that he might be a witness at a trial of this matter strains credulity. Mr. Nieves is not a plaintiff to the RNC cases and, therefore, defendants did not request nor receive his 50-h transcript. There could be no notice under the circumstances.

Moreover, a 50-h hearing is a device for assisting the City of New York in investigating Notices of Claim for the express purpose of determining whether such a claim ought to be settled prior to the claimant bringing a civil action. The 50-h hearing is not a discovery device, which requires plaintiffs to disclose information and witnesses relevant to the claims asserted in this action.

## II.     *Defendants Were Unable to Depose These Witnesses Until Now*

Defendants have complied with this Court's Order governing non-party witnesses and noticed those depositions in a timely manner. As Your Honor is aware, from July, 2007 through January, 2008, defendants were ordered to take approximately 500 plaintiff depositions while simultaneously producing and defending approximately 300 NYPD witnesses. Defendants were thus engaged in more than five party depositions per day for months, which is many more than any single plaintiffs' counsel was ever required to do on any given day. Thus Plaintiffs' suggestion that defendants should have deposed hundreds of additional non-party witnesses – most of whom were not yet identified - during that time is simply unreasonable. Defendants had neither the time nor the personnel to take the depositions of non-party witnesses during that period. The timing of defendants' request is, therefore, necessitated by the party deposition schedule.

## III.    *Defendants Will Be Severely Prejudiced If Their Application Is Denied*

Plaintiffs will not suffer any prejudice if this Court grants Defendants' application because discovery in these litigations is still proceeding on several tracks. For example, as a result of recent orders concerning failure to provide discovery, a number of plaintiffs have been scheduled for additional deposition testimony; discovery concerning intelligence issues is still ongoing; plaintiffs have stated their intent to recall witnesses after the Court's ruling on the deliberative process privilege; and the parties have yet to commence expert discovery in any of these cases, including the depositions of medical providers. Defendants anticipate that the

---

[2] Numerous 50-h hearings are conducted annually by a separate unit within the New York City Law Department and by outside counsel pursuant to the mandates of section 50-h of the General Municipal Law, which allows "an examination of the claimant relative to the occurrence and extent of the injuries or damages for which claim is made."

Hon. James C. Francis IV, U.S.M.J.
August 7, 2008
Page 4 of 4

depositions will be short in duration, with several occurring per day. For these reasons, the depositions requested here will not unduly prolong fact discovery nor prejudice Plaintiffs in any material respect.

Any potential prejudice to Plaintiffs is minimal compared to the severe prejudice that defendants will suffer if the application is denied. The prejudice to defendants is magnified here because the depositions of likely trial witnesses are at issue. Plaintiffs have reserved their rights to call any one of the non-party witnesses whose testimony is sought here at trial or to rely upon their testimony in support of a motion for summary judgment. Defendants need to know the content of their testimony prior to trial or the filing of dispositive motions. Without that information, defendants are subject to ambush at trial, which is highly prejudicial to defendants, contrary to federal practice and a result that does not serve justice. *See generally, Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006).

### IV.    *Relief Requested*

For the reasons set forth above defendants respectfully request that this Court permit defendants to proceed with taking the depositions of the non-party witnesses set forth above. The depositions shall be completed within sixty (60) days of the date of entry of this Order.

Respectfully submitted,

*/s/ Randall M. Elfenbein*

Randall M. Elfenbein

cc:    Jeffrey A. Rothman, Esq.
       (via e-mail)

# Exhibit A

# Jeffrey A. Rothman
Attorney at Law
315 Broadway, Suite 200
New York, NY 10007
Tel.: (212) 227-2980; Cell: (516) 455-6873
Fax: (212) 591-6343
rothman.jeffrey@gmail.com

April 4, 2008

By Email to:
RNC Defense Team
NYC Law Department
100 Church Street
New York, NY 10007

    Re:    *Coburn, et al. v. City of New York, et al.*, 05 Civ. 7623 (RJS) (JCF);
*Phillips, et al. v. City of New York, et al.*, 05 Civ. 7624 (RJS) (JCF);
*Sloan, et al. v. City of New York, et al.*, 05 Civ. 7668 (RJS) (JCF);
*Galitzer v. City of New York, et al.*, 05 Civ. 7669 (RJS) (JCF);
*Bastidas, et al. v. City of New York, et al.*, 05 Civ. 7670 (RJS) (JCF);
*Xu, et al. v. City of New York, et al.*, 05 Civ. 7672 (RJS) (JCF);
*Sikelianos v. City of New York, et al.*, 05 Civ. 7673 (RJS) (JCF);
*Drescher v. City of New York, et al.*, 05 Civ. 7541 (RJS)(JCF);
*Manders, et al. v. City of New York, et al.*, 07 Civ. 7752 (RJS) (JCF);
*Jusick, et al. v. City of New York, et al.*, 07 Civ. 7683 (RJS) (JCF);
*Rigby v. City of New York, et al.*, 07 Civ. 7751 (RJS) (JCF);

Dear Counsel:

    Per Judge Francis' Orders of March 19 and March 26, 2008, plaintiffs provide you with the following list of non-party fact witnesses who have not been deposed or scheduled for deposition who plaintiffs reasonably expect to testify at trial[1]:

Concerning events and plaintiffs arrested at or around 35th Street between 5th and 6th Avenues on 8/31/04

- Joanne Wypijewski
- Professor John S. Mayher
- Nicole Hoffman
- Joseph Krings
- Mark Weaver

---

[1] The listing of these witnesses by arrest location is for your convenience only, and should not be construed to limit the subject matter of any of the witnesses' testimony.

1

<u>Concerning events and plaintiffs arrested at or around 16th Street between Union Square East and Irving Place on 8/31/04</u>

- Barbara Cohen
- Hannah Rappleye
- David Karsnove

<u>Concerning events and plaintiffs arrested at or around 17th Street and 5th Avenue on 8/31/04</u>

- Jonathan Nieves (Mr. Nieves testified at a 50-h hearing)
- Nicole Bade
- Nate Bade

<u>Concerning events and plaintiffs arrested at or around 46th Street and Broadway on 8/29/04</u>

- Rose Johnson
- Ken Albers
- Joseph Kelly
- Kevin Dolak

<u>Concerning events at or around the arrest of Nikolas Sikelianos on 27th Street between Park and Madison Avenues on 8/31/04</u>

- Angel Chevrestt

<u>Concerning events and plaintiffs arrested at or around 44th / 45th Street and 8th Avenue on 8/29/04</u>

- Matthew Westfall
- Bob Perry (also concerning the arrests at 16th Street and 17th Street on 8/31/04)
- Eli, AKA Veronica Scheid
- Adrian Saldana
- Dominick Wetczel
- Abby Schkloven
- Deborah and Raymond Barron
- Matt Bray
- Haley Hemwall

<u>Concerning events at or around the arrest of Gwynn Galitzer at the New York Public Library on 8/31/04</u>

- Grace Kalambay
- Marc Steir

Miscellaneous

- Jay Bermudez: was the Transit Workers Union, Local 100 union chairperson for Pier 57.

In addition to those individuals listed above, plaintiffs may call at a trial of any of the above actions a few arrestees from each RNC mass arrest location. While plaintiffs would likely utilize only presently named plaintiffs who have been deposed for this, plaintiffs also reserve their right to call as witnesses in that regard those RNC plaintiffs who were arrested at these mass arrest locations who have settled their actions prior to being deposed and, if that should additionally unexpectedly prove insufficient, to call as a witness other RNC arrestees from these mass arrest locations who are members of the putative class action (all of whose names and arrest paperwork are, of course, in Defendants' possession).

Plaintiffs reserve the right to revise, supplement or shorten this list at the time of the joint pre-trial order. Plaintiffs also reserve the right to call at trial any non-party, non-deposed witness identified by any of the other RNC plaintiffs' counsel or by defense counsel pursuant to Judge Francis's March 19 and March 26, 2008 Orders.

Thank you for your consideration in this matter.

Sincerely yours,

Jeffrey Rothman

cc:     All RNC counsel (by e-mail distribution list)