UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| Sarah Coburn, et al.[1] | 05 Civ. 7623 (RJS) (JCF) |
| Jeffrey Phillips, et al. | 05 Civ. 7624 (RJS) (JCF) |
| Emily Sloan, et al. | 05 Civ. 7668 (RJS) (JCF) |
| Gwynn Galitzer | 05 Civ. 7669 (RJS) (JCF) |
| Betty Bastidas, et al. | 05 Civ. 7670 (RJS) (JCF) |
| Randy Xu, et al. | 05 Civ. 7672 (RJS) (JCF) |
| Nikolas Sikelianos | 05 Civ. 7673(RJS) (JCF) |
| Udo Drescher | 05 Civ. 7541 (RJS)(JCF) |
| Jody Concepcion | 05 Civ. 8501 (RJS)(JCF) |
| Elijjah Manders, et al. | 07 Civ. 7752 (RJS) (JCF) |
| Stephen Jusick, et al. | 07 Civ. 7683 (RJS) (JCF) |
| Theo Rigby | 07 Civ. 7751 (RJS) (JCF) |
| Alisoun Meehan, et al. | 05 Civ. 5268 (RJS) (JCF) |
| John Pagoda | 05 Civ. 7546 (RJS) (JCF) |
| Posr A. Posr | 07 Civ. 7583 (RJS) (JCF) |

                    Plaintiffs,

          -against-                          **STIPULATION**
                                             **OF SETTLEMENT**

The City Of New York, et al.,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WHEREAS, plaintiffs commenced the above-referenced actions by filing complaints alleging that defendants violated plaintiffs' federal civil and state common law rights; and

WHEREAS, defendants have denied any and all liability arising out of plaintiffs' allegations; and

WHEREAS, the parties now desire to resolve the issues raised in the litigation without further proceedings and without admitting any fault or liability; and

WHEREAS, plaintiffs have authorized their counsel to settle this matter on the terms set forth below;

---

[1] The full caption for each case is set out in the annexed **Schedule "A"**.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1.    The above-referenced actions are hereby dismissed against all defendants, with prejudice, and without attorneys' fees, costs, or expenses, except as specified in paragraph "2" below.

2.    The City of New York hereby agrees to pay plaintiffs and their attorneys the amounts set forth below in full satisfaction of all claims, including claims for attorneys' fees, costs, and expenses.  In consideration for the payment of these sums, plaintiffs agree to dismissal of all claims against all defendants, and to release and discharge all defendants, their successors or assigns; all past and present officials, employees, representatives and agents of the City of New York, or any agency thereof, including but not limited to the New York City Police Department; the New York City Health and Hospitals Corporation; the Hudson River Park Trust; and any person or entity represented by the Office of the Corporation Counsel (collectively, "Releasees"), from any and all liability, claims or rights of action which were or could have been alleged in these actions, including all claims for attorneys' fees, costs and expenses.  Plaintiffs hereby agree to assign their rights to attorneys' fees, costs, and expenses to their counsel, Jeffrey Rothman, Alan D. Levine, Karen Wohlforth, John Upton, and Martin Stolar.  Plaintiffs and their counsel hereby agree and represent that no other claims for attorneys' fees, costs or expenses arising out of these actions shall be made by or on behalf of plaintiffs against defendants in any application for attorneys' fees, costs or expenses at any time, and plaintiffs' counsel shall release and discharge the Releasees for all claims for attorneys' fees, costs, and expenses arising out of these actions.

<u>**Amounts Payable to Plaintiffs**</u>

| Plaintiff | Amount |
|---|---|
| Betty Bastidas | $19,553 |
| Greg Ross | $19,867 |
| Lauren Caspar | $12,329 |

| | |
|---|---|
| Jerel Walden | $17,733 |
| Theo Rigby | $16,340 |
| Jody Concepcion | $22,209 |
| Emily Sloan | $17,733 |
| Christina Aikman | $12,329 |
| Jason Pelszynski | $16,340 |
| Willard Schulmeister III | $17,733 |
| Michael Sladek | $17,733 |
| Robert Lesser | $16,340 |
| Steven Weaver | $16,340 |
| Randy Xu | $16,340 |
| Delmar Conklin | $16,340 |
| David Becker | $17,733 |
| Sara Heifetz | $21,874 |
| Charity James | $19,500 |
| Hannah Janeway | $17,733 |
| Elijah Manders | $16,340 |
| Lauren Garvey | $21,874 |
| Jeffrey Phillips | $10,026 |
| Rafael Porto | $10,026 |
| Joel Miller | $10,026 |
| Miles Swanson | $13,500 |
| Sarah Coburn | $12,329 |
| Meagan Thomas-Melly | $10,026 |
| Justin Barron | $17,000 |
| Stephan Jusick | $11,500 |
| Justin Taylor | $12,328 |
| Nilolas Sikelianos | $18,661 |
| Udo Drescher | $19,250 |
| Gwynn Galitzer | $17,735 |
| Posr A. Posr | $16,450 |
| John Pagoda | $12,565 |
| Andrew Fremont-Smith | $12,565 |
| Alisoun Meehan | $20,051 |
| Rebecca Major | $20,051 |

**Amounts Payable to Plaintiffs' Attorneys for Attorneys' Fees, Costs, and Expenses**

| Attorney | Fees, Costs and Expenses |
|---|---|
| Jeffrey Rothman[2] | $632,316 |
| Karen Wohlforth | $75,951 |
| John Upton | $99,055 |
| Martin Stolar | $30,537 |
| Alan D. Levine | $86,177 |

3.     Plaintiffs and their attorneys shall each execute and deliver to defendants' attorneys all documents necessary to effect this settlement, including, without limitation, General Releases based on the terms of paragraph 2, and plaintiffs' attorneys shall each execute and deliver W-9's. Plaintiffs shall not be required to submit Affidavits of Status of Liens; however, the proceeds of the settlements are subject to all applicable liens. Prior to tendering the requisite documents to effect this settlement, Medicare-recipient plaintiffs must obtain and submit a final demand letter from Medicare for the reimbursement of any conditional payments made by Medicare for any injury or condition that is the subject of this lawsuit. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

4.     Plaintiffs agree to hold harmless defendants regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants and the City of New York reserve the right to issue a multiparty settlement check naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

---

[2]  The City of New York shall pay a structured attorney's fee for Mr. Rothman's Attorneys' Fees, Costs, and Expenses consisting of future periodic payments at a cost in the amount of $500,000.00, as well as an up-front immediate payment of $132,316.00, for a total cost to the City in the amount of $632,316.00, that is being paid pursuant to the separate Attorney's Fee Agreement annexed hereto as **Schedule "B"**.

5.      Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York.  This stipulation shall not be admissible in, nor related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement.

6.      Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

7.      This Stipulation of Settlement, the attached Attorney's Fee Agreement, and the Memorandum of Understanding dated December 9, 2013 (the "M.O.U.") contain all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement and the M.O.U. regarding the subject matter of the instant proceedings shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:   New York, New York
         February 24           , 2014


LAW OFFICE OF JEFFREY A. ROTHMAN
*Attorney for Plaintiffs in all cases*
*except Meehan, Pagoda, and Posr*
315 Broadway, Suite 200
New York, NY 10007
Phone: (212) 227-2980


By: _____
        Jeffrey A. Rothman


ALAN D. LEVINE, ESQ.
*Attorney for Plaintiffs in Xu, Manders,*
*Meehan, Pagoda, and Posr*
80-02 Kew Gardens Road, Suite 302
Kew Gardens, New York 11415
Phone (718) 793 -6363


By: _____
        Alan D. Levine


JOHN W. UPTON
*Attorney for Plaintiffs in Bastidas, Rigby,*
*Concepcion and  Sloan*
217 Broadway Room 707
New York, NY 10007
(212) 233-9300


By: _____
        John Upton


ZACHARY W. CARTER
Corporation Counsel of the
   City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 356-2406


By: _____
        Cheryl Shammas
        *Senior Counsel*


KAREN WOHLFORTH
*Attorney for Plaintiff Concepcion*
299 Broadway # 1700
New York, NY 10007
(212) 219-1919


By: _____
        Karen Wohlforth


MARTIN STOLAR
*Attorney for Plaintiffs in Xu and Manders*
351 Broadway, 4th Floor
New York, NY 10013
(212) 619-2457


By: _____
        Martin Stolar

Dated:  New York, New York
_____, 2014


LAW OFFICE OF JEFFREY A. ROTHMAN
*Attorney for Plaintiffs in all cases*
*except Meehan, Pagoda, and Posr*
315 Broadway, Suite 200
New York, NY 10007
Phone: (212) 227-2980


By: _____  2/14/14
     Jeffrey A. Rothman


ALAN D. LEVINE, ESQ.
*Attorney for Plaintiffs in Xu, Manders,*
*Meehan, Pagoda, and Posr*
80-02 Kew Gardens Road, Suite 302
Kew Gardens, New York 11415
Phone (718) 793 -6363


By: _____
     Alan D. Levine


JOHN W. UPTON
*Attorney for Plaintiffs in Bastidas, Rigby,*
*Concepcion and Sloan*
217 Broadway Room 707
New York, NY 10007
(212) 233-9300


By: _____
     John Upton


ZACHARY W. CARTER
Corporation Counsel of the
   City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 356-2406


By: _____

     Cheryl Shammas
     *Senior Counsel*


KAREN WOHLFORTH
*Attorney for Plaintiff Concepcion*
299 Broadway # 1700
New York, NY 10007
(212) 219-1919


By: _____
     Karen Wohlforth


MARTIN STOLAR
*Attorney for Plaintiffs in Xu and Manders*
351 Broadway, 4th Floor
New York, NY 10013
(212) 619-2457


By: _____
     Martin Stolar

Dated:  New York, New York
_____, 2014


LAW OFFICE OF JEFFREY A. ROTHMAN
*Attorney for Plaintiffs in all cases*
*except Meehan, Pagoda, and Posr*
315 Broadway, Suite 200
New York, NY 10007
Phone: (212) 227-2980


By: _____
        Jeffrey A. Rothman


ALAN D. LEVINE, ESQ.
*Attorney for Plaintiffs in Xu, Manders,*
*Meehan, Pagoda, and Posr*
80-02 Kew Gardens Road, Suite 302
Kew Gardens, New York 11415
Phone (718) 793 -6363

By: _____
        Alan D. Levine


JOHN W. UPTON
*Attorney for Plaintiffs in Bastidas, Rigby,*
*Concepcion and Sloan*
217 Broadway Room 707
New York, NY 10007
(212) 233-9300


By: _____
        John Upton


ZACHARY W. CARTER
Corporation Counsel of the
    City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 356-2406


By: _____
        Cheryl Shammas
        *Senior Counsel*


KAREN WOHLFORTH
*Attorney for Plaintiff Concepcion*
299 Broadway # 1700
New York, NY 10007
(212) 219-1919


By: _____
        Karen Wohlforth


MARTIN STOLAR
*Attorney for Plaintiffs in Xu and Manders*
351 Broadway, 4th Floor
New York, NY 10013
(212) 619-2457


By: _____
        Martin Stolar

Dated:  New York, New York
_____, 2014


LAW OFFICE OF JEFFREY A. ROTHMAN
*Attorney for Plaintiffs in all cases*
*except Meehan, Pagoda, and Posr*
315 Broadway, Suite 200
New York, NY 10007
Phone: (212) 227-2980


By: _____
   Jeffrey A. Rothman


ALAN D. LEVINE, ESQ.
*Attorney for Plaintiffs in Xu, Manders,*
*Meehan, Pagoda, and Posr*
80-02 Kew Gardens Road, Suite 302
Kew Gardens, New York 11415
Phone (718) 793 -6363


By: _____
   Alan D. Levine


JOHN W. UPTON
*Attorney for Plaintiffs in Bastidas, Rigby,*
*Concepcion and  Sloan*
217 Broadway Room 707
New York, NY 10007
(212) 233-9300

By: _____
  John Upton


ZACHARY W. CARTER
Corporation Counsel of the
 City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 356-2406


By: _____
  Cheryl Shammas
  *Senior Counsel*


KAREN WOHLFORTH
*Attorney for Plaintiff Concepcion*
299 Broadway # 1700
New York, NY 10007
(212) 219-1919


By: _____
  Karen Wohlforth


MARTIN STOLAR
*Attorney for Plaintiffs in Xu and Manders*
351 Broadway, 4th Floor
New York, NY 10013
(212) 619-2457


By: _____
   Martin Stolar

Dated:   New York, New York
_____, 2014


LAW OFFICE OF JEFFREY A. ROTHMAN
*Attorney for Plaintiffs in all cases*
*except Meehan, Pagoda, and Posr*
315 Broadway, Suite 200
New York, NY 10007
Phone: (212) 227-2980


By: _____
    Jeffrey A. Rothman


ALAN D. LEVINE, ESQ.
*Attorney for Plaintiffs in Xu, Manders,*
*Meehan, Pagoda, and Posr*
80-02 Kew Gardens Road, Suite 302
Kew Gardens, New York 11415
Phone (718) 793 -6363


By: _____
    Alan D. Levine


JOHN W. UPTON
*Attorney for Plaintiffs in Bastidas, Rigby,*
*Concepcion and  Sloan*
217 Broadway Room 707
New York, NY 10007
(212) 233-9300


By: _____
    John Upton


ZACHARY W. CARTER
Corporation Counsel of the
  City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 356-2406


By: _____
    Cheryl Shammas
    *Senior Counsel*


KAREN WOHLFORTH
*Attorney for Plaintiff Concepcion*
299 Broadway # 1700
New York, NY 10007
(212) 219-1919

By: _____  2/12/14
    Karen Wohlforth


MARTIN STOLAR
*Attorney for Plaintiffs in Xu and Manders*
351 Broadway, 4th Floor
New York, NY 10013
(212) 619-2457


By: _____
    Martin Stolar

Dated: New York, New York
_____, 2014


LAW OFFICE OF JEFFREY A. ROTHMAN
*Attorney for Plaintiffs in all cases*
*except Meehan, Pagoda, and Posr*
315 Broadway, Suite 200
New York, NY 10007
Phone: (212) 227-2980


By: _____
    Jeffrey A. Rothman


ALAN D. LEVINE, ESQ.
*Attorney for Plaintiffs in Xu, Manders,*
*Meehan, Pagoda, and Posr*
80-02 Kew Gardens Road, Suite 302
Kew Gardens, New York 11415
Phone (718) 793 -6363


By: _____
    Alan D. Levine


JOHN W. UPTON
*Attorney for Plaintiffs in Bastidas, Rigby,*
*Concepcion and  Sloan*
217 Broadway Room 707
New York, NY 10007
(212) 233-9300


By: _____
    John Upton


ZACHARY W. CARTER
Corporation Counsel of the
   City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 356-2406


By: _____
    Cheryl Shammas
    *Senior Counsel*


KAREN WOHLFORTH
*Attorney for Plaintiff Concepcion*
299 Broadway # 1700
New York, NY 10007
(212) 219-1919


By: _____
    Karen Wohlforth


MARTIN STOLAR
*Attorney for Plaintiffs in Xu and Manders*
351 Broadway, 4th Floor
New York, NY 10013
(212) 619-2457 219-1919


By: _____
    Martin Stolar

## SCHEDULE A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

SARAH COBURN, MEGAN THOMAS-MELLY, )
and JUSTIN BARRON, )
        )
                     Plaintiffs, )
        )
        -against- )             05 Civ. 7623 (RJS) (JCF)
        )

THE CITY OF NEW YORK; MICHAEL )
BLOOMBERG, Mayor of the City of New York; )
RAYMOND KELLY, New York City Police )
Commissioner; STEPHEN HAMMERMAN, )
Former Deputy Commissioner for Legal Matters, )
New York City Police Department; DAVID )
COHEN, Deputy Commissioner for Intelligence, )
New York City Police Department; THOMAS )
DOEPFNER, Assistant Deputy Commissioner for )
Legal Matters, New York City Police Department; )
NYPD LIEUTENANT DANIEL ALBANO; NYPD )
DEPUTY INSPECTOR KERRY SWEET, NYPD )
Legal Bureau Executive Officer; NYPD Legal )
Bureau Senior Counsel RUBY MARIN-JORDAN )
NYPD LEGAL BUREAU SUPERVISOR(S) AT )
PIER 57; JOSEPH ESPOSITO, Chief of the New )
York Police Department; THOMAS GRAHAM, )
Commander, Disorder Control Unit, New York City )
Police Department; JACK MCMANUS, Assistant )
Chief, New York City Police Department; BRUCE )
SMOLKA, former Commander, Patrol Borough )
Manhattan South, New York City Police )
Department; TERENCE MONAHAN, Assistant )
Chief of the Bronx Borough Command; JOHN J. )
COLGAN, Assistant Chief, New York City Police )
Department; JAMES P. O'NEILL, Deputy Chief, )
New York City Police Department; POLICE )
OFFICER GREGORY KARNBACH, Shield No. )
17367; POLICE SERGEANT RAYMOND NG, )
Shield No. 92286; JOHN DOES; RICHARD )
ROES; HUDSON RIVER PARK TRUST, )
        )
                     Defendants. )
-------------------------------------------------------------x

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JEFFREY PHILLIPS, RAFAEL PORTO, JOEL )
MILLER, and MILES SWANSON )
)
Plaintiffs, )
)
)
-against- )
)
)
THE CITY OF NEW YORK; MICHAEL )
BLOOMBERG, Mayor of the City of New York; )          05 Civ. 7624 (RJS)(JCF)
RAYMOND KELLY, New York City Police )
Commissioner; STEPHEN HAMMERMAN, )
Former Deputy Commissioner for Legal Matters, )
New York City Police Department; DAVID )
COHEN, Deputy Commissioner for Intelligence, )
New York City Police Department; THOMAS )
DOEPFNER, Assistant Deputy Commissioner for )
Legal Matters, New York City Police Department; )
NYPD LIEUTENANT DANIEL ALBANO; NYPD )
DEPUTY INSPECTOR KERRY SWEET, NYPD )
Legal Bureau Executive Officer; NYPD Legal )
Bureau Senior Counsel RUBY MARIN-JORDAN )
NYPD LEGAL BUREAU SUPERVISOR(S) AT )
PIER 57; JOSEPH  ESPOSITO, Chief of the New )
York Police Department; THOMAS GRAHAM, )
Commander, Disorder Control Unit, New York City )
Police Department; JACK MCMANUS, Assistant )
Chief, New York City Police Department; BRUCE )
SMOLKA, former Commander, Patrol Borough )
Manhattan South, New York City Police )
Department; TERENCE MONAHAN, Assistant )
Chief of the Bronx Borough Command; JOHN J. )
COLGAN, Assistant Chief, New York City Police )
Department; JAMES P. O'NEILL, Deputy Chief, )
New York City Police Department; NYPD )
CAPTAIN ROBERT BONIFATI; NYPD )
LIEUTENANT WILLIAM T. COOKE; POLICE )
OFFICER MATTHEW DIVIRGILIO, Shield No. )
31911;  POLICE OFFICER JASON ANGEVINE, )
Shield  No. 31582; POLICE OFFICER MARC )
STASI; JOHN  DOES; RICHARD ROES; )
HUDSON RIVER PARK TRUST, )
)
Defendants. )
------------------------------------------------------------x

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

EMILY SLOAN, CHRISTINA AIKMAN, JASON )
PELSZYNSKI, WILLARD SCHULMEISTER III, )
MICHAEL SLADEK, ROBERT LESSER, and )
STEVEN WEAVER, )
)
                Plaintiffs, )
)
)
   -against- )
)
)
THE CITY OF NEW YORK; MICHAEL )
BLOOMBERG, Mayor of the City of New York; )
RAYMOND KELLY, New York City Police )
Commissioner; STEPHEN HAMMERMAN, )
Former Deputy Commissioner for Legal Matters, )
New York City Police Department; DAVID )
COHEN, Deputy Commissioner for Intelligence, )
New York City Police Department; THOMAS )
DOEPFNER, Assistant Deputy Commissioner for )
Legal Matters, New York City Police Department; )
NYPD LIEUTENANT DANIEL ALBANO; NYPD )
DEPUTY INSPECTOR KERRY SWEET, NYPD )
Legal Bureau Executive Officer; NYPD Legal )
Bureau Senior Counsel RUBY MARIN-JORDAN )
NYPD LEGAL BUREAU SUPERVISOR(S) AT )
PIER 57; JOSEPH ESPOSITO, Chief of the New )
York Police Department; THOMAS GRAHAM, )
Commander, Disorder Control Unit, New York City )
Police Department; JACK MCMANUS, Assistant )
Chief, New York City Police Department; BRUCE )
SMOLKA, former Commander, Patrol Borough )
Manhattan South, New York City Police )
Department; TERENCE MONAHAN, Assistant )
Chief of the Bronx Borough Command; JOHN J. )
COLGAN, Assistant Chief, New York City Police )
Department; POLICE CAPTAIN ANTHONY )
BOLOGNA, POLICE LIEUTENANT JOHN )
WOLF; POLICE OFFICER KEITH MORSE, )
Shield No. 22766; POLICE OFFICER TIMOTHY )
CAI, Shield No. 2127; POLICE OFFICER )
VINCENT FORTUNATO, Shield No. 23450; )
POLICE OFFICER NEIL RODRIGUEZ, Shield )
No. 21015; POLICE OFFICER JEAN VERGIN, )
Shield No. 09984; JOHN DOES; RICHARD ROES; )
HUDSON RIVER PARK TRUST, )
)
                Defendants. )
-------------------------------------------------------------x

                        05 Civ. 7668 (RJS) (JCF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

GWYNN GALITZER,   )
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,   )
　　　　　　　　　　　　　　　　　　　　　)
　-against-   )
　　　　　　　　　　　　　　　　　　　　　)
THE CITY OF NEW YORK; MICHAEL   )
BLOOMBERG, Mayor of the City of New York;   )
RAYMOND KELLY, New York City Police   )
Commissioner; STEPHEN HAMMERMAN,   )
Former Deputy Commissioner for Legal Matters,   )
New York City Police Department; DAVID   )
COHEN, Deputy Commissioner for Intelligence,   )
New York City Police Department; THOMAS   )
DOEPFNER, Assistant Deputy Commissioner for   )
Legal Matters, New York City Police Department;   )
NYPD LIEUTENANT DANIEL ALBANO; NYPD   )
DEPUTY INSPECTOR KERRY SWEET, NYPD   )
Legal Bureau Executive Officer; NYPD Legal   )
Bureau Senior Counsel RUBY MARIN-JORDAN   )
NYPD LEGAL BUREAU SUPERVISOR(S) AT   )
PIER 57; JOSEPH  ESPOSITO, Chief of the New   )
York Police Department; THOMAS GRAHAM,   )
Commander, Disorder Control Unit, New York City   )
Police Department; JACK MCMANUS, Assistant   )
Chief, New York City Police Department; BRUCE   )
SMOLKA, former Commander, Patrol Borough   )
Manhattan South, New York City Police   )
Department; TERENCE MONAHAN, Assistant   )
Chief of the Bronx Borough Command; JOHN J.   )
COLGAN, Assistant Chief, New York City  Police   )
Department; NYPD DEPUTY CHIEF JAMES   )
O'NEILL; NYPD INSPECTOR JAMES   )
CAPALDO; NYPD DEPUTY INSPECTOR   )
RONALD MERCANDETTI; NYPD CAPTAIN   )
EUGENE MONTCHAL; POLICE LIEUTENANT   )
JOE MAHER; POLICE OFFICER KERI   )
MITCHELL, Shield No. 14657; POLICE OFFICER   )
DONALD NELZI, Shield No. 30324; JOHN DOES;   )
RICHARD ROES; HUDSON RIVER PARK   )
TRUST,   )
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendants.   )
-------------------------------------------------------------x

05 Civ. 7669 (RJS) (JCF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

BETTY BASTIDAS, GREGG ROSS, LAUREN)
CASPAR, and JEREL WALDEN,                                    )
                                                            )
                              Plaintiffs,                    )
                                                            )
      -against-                                              )
                                                            )
THE CITY OF NEW YORK; MICHAEL                                )
BLOOMBERG, Mayor of the City of New York;                   )
RAYMOND KELLY, New York City Police                         )
Commissioner; STEPHEN HAMMERMAN,                            )          05 Civ. 7670 (RJS)(JCF)
Former Deputy Commissioner for Legal Matters,               )
New York City Police Department; DAVID                      )
COHEN, Deputy Commissioner for Intelligence,                )
New York City Police Department; THOMAS                     )
DOEPFNER, Assistant Deputy Commissioner for                 )
Legal Matters, New York City Police Department;             )
NYPD LIEUTENANT DANIEL ALBANO; NYPD                         )
DEPUTY INSPECTOR KERRY SWEET, NYPD                          )
Legal Bureau Executive Officer; NYPD Legal                  )
Bureau Senior Counsel RUBY MARIN-JORDAN                     )
NYPD LEGAL BUREAU SUPERVISOR(S) AT                          )
PIER 57; JOSEPH  ESPOSITO, Chief of the New                 )
York Police Department; THOMAS GRAHAM, )
Commander, Disorder Control Unit, New York City             )
Police Department; JACK MCMANUS, Assistant                  )
Chief, New York City Police Department; BRUCE               )
SMOLKA, former Commander, Patrol Borough                    )
Manhattan South, New York City Police                       )
Department; TERENCE MONAHAN, Assistant                      )
Chief of the Bronx Borough Command; JOHN J.                 )
COLGAN, Assistant Chief, New York City Police               )
Department;POLICE INSPECTOR JAMES ESSIG;                    )
POLICE DEPUTY CHIEF THOMAS GALATI;                          )
POLICE DEPUTY INSPECTOR GERALD                              )
DIECKMANN; POLICE CAPTAIN LORENZO                           )
JOHNSON,POL ICE LIEUTENANT PATRICK                          )
CORTRIGHT; POLICE LIEUTENANT MARK                           )
KEEGAN; POLICE OFFICER KEVIN SAM,                           )
Shield No. 9403; POLICE OFFICER JAMES                       )
RUFLE, Shield No. 26119; POLICE OFFICER                     )
DERRICK BAITY, Shield No. 13212; POLICE                     )
OFFICER SALVATOR DIMAGGIO, Shield No.                       )
31742; JOHN DOES;   RICHARD ROES; HUDSON                    )
RIVER PARK  TRUST,                                          )
                                                            )
                              Defendants.                    )
-------------------------------------------------------------x

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

RANDY XU, DELMAR CONKLIN, DAVID )
BECKER, SARA HEIFETZ, CHARITY JAMES, )
and HANNAH JANEWAY, )
                                   )

                        Plaintiffs, )

     -against- )            05 Civ. 7672 (RJS)(JCF)
                                     )

THE CITY OF NEW YORK; MICHAEL )
BLOOMBERG, Mayor of the City of New York; )
RAYMOND KELLY, New York City Police )
Commissioner; STEPHEN HAMMERMAN, )
Former Deputy Commissioner for Legal Matters, )
New York City Police Department; DAVID )
COHEN, Deputy Commissioner for Intelligence, )
New York City Police Department; THOMAS )
DOEPFNER, Assistant Deputy Commissioner for )
Legal Matters, New York City Police Department; )
NYPD LIEUTENANT DANIEL ALBANO; NYPD )
DEPUTY INSPECTOR KERRY SWEET, NYPD )
Legal Bureau Executive Officer; NYPD Legal )
Bureau Senior Counsel RUBY MARIN-JORDAN )
NYPD LEGAL BUREAU SUPERVISOR(S) AT )
PIER 57; JOSEPH ESPOSITO, Chief of the New )
York Police Department; THOMAS GRAHAM, )
Commander, Disorder Control Unit, New York City )
Police Department; JACK MCMANUS, Assistant )
Chief, New York City Police Department; BRUCE )
SMOLKA, former Commander, Patrol Borough )
Manhattan South, New York City Police )
Department; TERENCE MONAHAN, Assistant )
Chief of the Bronx Borough Command; JOHN J. )
COLGAN, Assistant Chief, New York City Police )
Department; NYPD INSPECTOR KEVIN WARD; )
NYPD INSPECTOR THOMAS DIRUSSO; NYPD )
LIEUTENANT BERGQUIST; NYPD SERGEANT )
WILLIAM MURPHY; POLICE OFFICER )
RUSSELL JOHN, Shield No. 31399; POLICE )
OFFICER BIENVENI MENA, Shield No. 7584; )
POLICE OFFICER RAYMOND GONZALEZ, )
Shield No. 10688; POLICE OFFICER STEPHEN )
NELSON, Shield No. 27285; POLICE OFFICER )
JOSELITO CHAPARRO, Shield No.03429; JOHN )
DOES; RICHARD ROES; HUDSON RIVER PARK )
TRUST, )
                                     )

                     Defendants. )
-----------------------------------------------------------------x

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

NIKOLAS SIKELIANOS,                                          )
                                                            )
                                    Plaintiff,              )
                                                            )          05 Civ. 7673 (RJS)(JCF)
            -against-                                       )
                                                            )
                                                            )
                                                            )
THE CITY OF NEW YORK; MICHAEL                               )
BLOOMBERG, Mayor of the City of New York;                   )
RAYMOND KELLY, New York City Police                         )
Commissioner; STEPHEN HAMMERMAN,                            )
Former Deputy Commissioner for Legal Matters,              )
New York City Police Department; DAVID                      )
COHEN, Deputy Commissioner for Intelligence,               )
New York City Police Department; THOMAS                     )
DOEPFNER, Assistant Deputy Commissioner for                )
Legal Matters, New York City Police Department;            )
NYPD LIEUTENANT DANIEL ALBANO; NYPD                         )
DEPUTY INSPECTOR KERRY SWEET, NYPD                          )
Legal Bureau Executive Officer; NYPD Legal                  )
Bureau Senior Counsel RUBY MARIN-JORDAN                     )
NYPD LEGAL BUREAU SUPERVISOR(S) AT                          )
PIER 57; JOSEPH  ESPOSITO, Chief of the New                 )
York Police Department; THOMAS GRAHAM, )
Commander, Disorder Control Unit, New York City            )
Police Department; JACK MCMANUS, Assistant                 )
Chief, New York City Police Department; BRUCE              )
SMOLKA, former Commander, Patrol Borough                    )
Manhattan South, New York City Police                       )
Department; TERENCE MONAHAN, Assistant                      )
Chief of the Bronx Borough Command; JOHN J.                )
COLGAN, Assistant Chief, New York City Police              )
Department; POLICE CAPTAIN JOSEPH                            )
DOWLING; POLICE OFFICER JAVIER                              )
CORDERO, Shield No. 08134; POLICE OFFICER                  )
DAVID MONTANEZ; POLICE OFFICER                              )
MASON WANG; JOHN DOES; RICHARD                              )
ROES; HUDSON RIVER PARK TRUST,                              )
                                                            )
                                    Defendants.             )
--------------------------------------------------------------x

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

UDO DRESCHER,                                            )
                                                        )
                          Plaintiff,                    )
                                                        )
          -against-                                     )
                                                        )
THE CITY OF NEW YORK; MICHAEL                            )          05 Civ. 7541 (RJS)(JCF)
BLOOMBERG, Mayor of the City of New York;               )
RAYMOND KELLY, New York City Police                     )
Commissioner; STEPHEN HAMMERMAN,                        )
Former Deputy Commissioner for Legal Matters,           )
New York City Police Department; DAVID                  )
COHEN, Deputy Commissioner for Intelligence,            )
New York City Police Department; THOMAS                 )
DOEPFNER, Assistant Deputy Commissioner for             )
Legal Matters, New York City Police Department;         )
NYPD LIEUTENANT DANIEL ALBANO; NYPD                     )
DEPUTY INSPECTOR KERRY SWEET, NYPD                      )
Legal Bureau Executive Officer; NYPD Legal              )
Bureau Senior Counsel RUBY MARIN-JORDAN                 )
NYPD LEGAL BUREAU SUPERVISOR(S) AT                      )
PIER 57; JOSEPH  ESPOSITO, Chief of the New             )
York Police Department; THOMAS GRAHAM,                  )
Commander, Disorder Control Unit, New York City         )
Police Department; JACK MCMANUS, Assistant              )
Chief, New York City Police Department; BRUCE           )
SMOLKA, former Commander, Patrol Borough                )
Manhattan South, New York City Police                   )
Department; TERENCE MONAHAN, Assistant                  )
Chief of the Bronx Borough Command; JOHN J.             )
COLGAN, Assistant Chief, New York City Police           )
Department; CAPTAIN JOSEPH DOWLING;                     )
NEW YORK CITY POLICE OFFICER KEGHAM                     )
JARJOKIAN, Shield No. 1638; NEW YORK CITY               )
POLICE OFFICER; NEW YORK CITY POLICE                    )
OFFICER GEORGE SHANNON, SHIELD NO.                      )
06542; JOHN DOE WHITE SHIRT SUPERVISOR                  )
WHO ORDERED THE ARREST OF UDO                           )
DRESCHER; JOHN DOES; RICHARD ROES;                      )
HUDSON RIVER PARK TRUST,                                )
                                                        )
                          Defendants.                   )
-------------------------------------------------------------x

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

JODY CONCEPCION,                              )
                                              )
                              Plaintiff,      )
                                              )        05 Civ. 8501 (RJS)(JCF)
                                              )
        -against-                             )
                                              )
THE CITY OF NEW YORK,    POLICE OFFICER       )
ALEXIS FERNANDEZ, Shield #29781, "JANE        )
and JOHN DOES" 1-15, and the REPUBLICAN       )
NATIONAL COMMITTEE,                           )
                                              )
                              Defendants.      )
-------------------------------------------------------------x

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

ELIJAH MANDERS and LAUREN GARVEY,      )
                                              )

                      Plaintiffs,        )
                                              )

    -against-                      )
                                            )

THE CITY OF NEW YORK; MICHAEL        )
BLOOMBERG, Mayor of the City of New York;   )
RAYMOND KELLY, New York City Police     )
Commissioner; STEPHEN HAMMERMAN,    )          05 Civ. 7752 (RJS)(JCF)
Former Deputy Commissioner for Legal Matters, )
New York City Police Department; DAVID    )
COHEN, Deputy Commissioner for Intelligence, )
New York City Police Department; THOMAS   )
DOEPFNER, Assistant Deputy Commissioner for )
Legal Matters, New York City Police Department; )
NYPD LIEUTENANT DANIEL ALBANO; NYPD )
DEPUTY INSPECTOR KERRY SWEET, NYPD  )
Legal Bureau Executive Officer; NYPD Legal   )
Bureau Senior Counsel RUBY MARIN-JORDAN )
NYPD LEGAL BUREAU SUPERVISOR(S) AT  )
PIER 57; JOSEPH ESPOSITO, Chief of the New )
York Police Department; THOMAS GRAHAM, )
Commander, Disorder Control Unit, New York City )
Police Department; JACK MCMANUS, Assistant )
Chief, New York City Police Department; BRUCE )
SMOLKA, former Commander, Patrol Borough  )
Manhattan South, New York City Police       )
Department; TERENCE MONAHAN, Assistant  )
Chief of the Bronx Borough Command; JOHN J. )
COLGAN, Assistant Chief, New York City Police )
Department; NYPD INSPECTOR KEVIN WARD; )
NYPD INSPECTOR THOMAS DIRUSSO; NYPD )
LIEUTENANT BERGQUIST; NYPD SERGEANT )
WILLIAM MURPHY; POLICE OFFICER     )
EDWARD YOUNG, Shield No. 29580; JOHN   )
DOES; RICHARD ROES; HUDSON RIVER PARK )
TRUST,                                  )
                                            )

                      Defendants.      )
----------------------------------------------------------------x

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

STEPHEN KENT JUSICK and JUSTIN TAYLOR,  )
                                        )
                    Plaintiffs,         )
                                        )
        -against-                       )                    07 Civ. 7683 (RJS)(JCF)
                                        )
THE CITY OF NEW YORK; MICHAEL           )
BLOOMBERG, Mayor of the City of New York; )
RAYMOND KELLY, New York City Police     )
Commissioner; STEPHEN HAMMERMAN,        )
Former Deputy Commissioner for Legal Matters, )
New York City Police Department; DAVID  )
COHEN, Deputy Commissioner for Intelligence, )
New York City Police Department; THOMAS )
DOEPFNER, Assistant Deputy Commissioner for )
Legal Matters, New York City Police Department; )
NYPD LIEUTENANT DANIEL ALBANO; NYPD )
DEPUTY INSPECTOR KERRY SWEET, NYPD )
Legal Bureau Executive Officer; NYPD Legal )
Bureau Senior Counsel RUBY MARIN-JORDAN )
NYPD LEGAL BUREAU SUPERVISOR(S) AT      )
PIER 57; JOSEPH  ESPOSITO, Chief of the New )
York Police Department; THOMAS GRAHAM,  )
Commander, Disorder Control Unit, New York City )
Police Department; JACK MCMANUS, Assistant )
Chief, New York City Police Department; BRUCE )
SMOLKA, former Commander, Patrol Borough )
Manhattan South, New York City Police   )
Department; TERENCE MONAHAN, Assistant  )
Chief of the Bronx Borough Command; JOHN J. )
COLGAN, Assistant Chief, New York City Police )
Department; JAMES P. O'NEILL, Deputy Chief, )
New York City Police Department; POLICE  )
SERGEANT RAYMOND NG, Shield No. 92286;  )
POLICE OFFICER ERIC RIVERA, Shield No.  )
15811; POLICE OFFICER PAUL PIZZUTA,     )
Shield No. 04268; POLICE OFFICER MARK   )
ALBERTSEN, Shield No. 04385; JOHN DOES; )
RICHARD ROES; HUDSON RIVER PARK         )
TRUST,                                  )
                                        )
                    Defendants.         )
-------------------------------------------------------------x

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

THEO RIGBY,                                                      )
                                                                )
                                    Plaintiff,                  )
                                                                )
                -against-                                       )
                                                                )
THE CITY OF NEW YORK; MICHAEL                                   )
BLOOMBERG, Mayor of the City of New York;                      )
RAYMOND KELLY, New York City Police                            )
Commissioner; STEPHEN HAMMERMAN,                               )          07 Civ. 7751 (RJS)(JCF)
Former Deputy Commissioner for Legal Matters,                  )
New York City Police Department; DAVID                         )
COHEN, Deputy Commissioner for Intelligence,                   )
New York City Police Department; THOMAS                        )
DOEPFNER, Assistant Deputy Commissioner for                    )
Legal Matters, New York City Police Department;                )
NYPD LIEUTENANT DANIEL ALBANO; NYPD                            )
DEPUTY INSPECTOR KERRY SWEET, NYPD                             )
Legal Bureau Executive Officer; NYPD Legal                     )
Bureau Senior Counsel RUBY MARIN-JORDAN                        )
NYPD LEGAL BUREAU SUPERVISOR(S) AT                             )
PIER 57; JOSEPH ESPOSITO, Chief of the New                     )
York Police Department; THOMAS GRAHAM,                         )
Commander, Disorder Control Unit, New York City                )
Police Department; JACK MCMANUS, Assistant                     )
Chief, New York City Police Department; BRUCE                  )
SMOLKA, former Commander, Patrol Borough                       )
Manhattan South, New York City Police                          )
Department; TERENCE MONAHAN, Assistant                         )
Chief of the Bronx Borough Command; JOHN J.                    )
COLGAN, Assistant Chief, New York City Police                  )
Department;POLICE INSPECTOR JAMES ESSIG;                       )
POLICE DEPUTY CHIEF THOMAS GALATI;                             )
POLICE DEPUTY INSPECTOR GERALD                                 )
DIECKMANN; POLICE CAPTAIN LORENZO                              )
JOHNSON,POLICE LIEUTENANT PATRICK                              )
CORTRIGHT; POLICE LIEUTENANT MARK                              )
KEEGAN; POLICE OFFICER NICHOLAS                                )
GRAVINO, Shield No. 16767; JOHN DOES;                          )
RICHARD ROES; HUDSON RIVER PARK                                )
TRUST,                                                          )
                                                                )
                                    Defendants.                 )
----------------------------------------------------------------x

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
ALISOUN MEEHAN, REBECCA MAJOR and
ANDREW FREMONT-SMITH,

                  -Plaintiffs,                                    05 CV 5268 (RJS)(JCF)

    - against -

DETECTIVE NICHOLAS STANICH, Shield No. 06932,
P.O. BRENDAN MEEHAN, Shield No. 30563,
TERRANCE MONAHAN, MICHAEL R. BLOOMBERG,
RAYMOND W. KELLY, JOSEPH J. ESPOSITO, THE
CITY OF NEW YORK, CONNIE FISHMAN and THE
HUDSON RIVER PARK TRUST,

                  - Defendants.
---------------------------------------------------------------------x

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JOHN J. PAGODA,

                    -Plaintiff,

        - against -

P.O. "JOHN DOE," TERRANCE MONAHAN,
MICHAEL R. BLOOMBERG, RAYMOND W.
KELLY, JOSEPH J. ESPOSITO, THE CITY OF
NEW YORK, CONNIE FISHMAN and THE
HUDSON RIVER PARK TRUST,

                 - Defendants.
------------------------------------------------------------------x

05 CV 7546 (RJS)(JCF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
POSR A. POSR,

                        -Plaintiff,                                          07 CV 7583 (RJS)(JCF)

        - against -

P.O. TULIO CAMEJO, Shield No. 16515,
INSPECTOR ANTHONY BOLOGNA,
MICHAEL R. BLOOMBERG, RAYMOND W.
KELLY, JOSEPH J. ESPOSITO, THE CITY
OF NEW YORK and CONNIE FISHMAN,

                        - Defendants.
-------------------------------------------------------------------X

**Schedule "B"**

ATTORNEY'S FEE AGREEMENT

| CAPTIONS (IN UNDERLYING SETTLEMENTS): | Sarah Coburn, et al. | *05 Civ. 7623 (RJS) (JCF)* |
|---|---|---|
| | Jeffrey Phillips, et al. | *05 Civ. 7624 (RJS) (JCF)* |
| | Emily Sloan, et al. | *05 Civ. 7668 (RJS) (JCF)* |
| | Gwynn Galitzer | *05 Civ. 7669 (RJS) (JCF)* |
| | Betty Bastidas, et al. | *05 Civ. 7670 (RJS) (JCF)* |
| | Randy Xu, et al. | *05 Civ. 7672 (RJS) (JCF)* |
| | Nikolas Sikelianos | *05 Civ. 7673(RJS) (JCF)* |
| | Udo Drescher | *05 Civ. 7541 (RJS)(JCF)* |
| | Jody Concepcion | *05 Civ. 8501 (RJS)(JCF)* |
| | Elijjah Manders, et al. | *07 Civ. 7752 (RJS) (JCF)* |
| | Stephen Jusick, et al. | *07 Civ. 7683 (RJS) (JCF)* |
| | Theo Rigby | *07 Civ. 7751 (RJS) (JCF)* |
| | Alisoun Meehan, et al. | *05 Civ. 5268 (RJS) (JCF)* |
| | John Pagoda | *05 Civ. 7546 (RJS) (JCF)* |
| | Posr A. Posr | *07 Civ. 7583 (RJS) (JCF)* |

ATTORNEY RECIPIENT:   Jeffrey A. Rothman

DEFENDANT:   The City of New York

ASSIGNEE:   BARCO ASSIGNMENTS, LTD.

     This Attorney's Fee Agreement ("Agreement") is made and entered into this 27th day of February, 2014, by and between Attorney Recipient (sometimes "Attorney" or "Attorney Payee") and Defendant.

RECITALS

     I.    Pursuant to the Stipulation of Settlement ("Stipulation") of which this Attorney's Fee Agreement is **Schedule B**, Plaintiffs in the above captioned matters and Defendant settled the civil rights lawsuits brought by Plaintiffs in the United States District Court, (Docket Numbers listed above) against Defendant.   The aforementioned Stipulation provides for certain up-front cash payments to be made to Plaintiffs as well as up-front cash and future periodic payments to be paid to Plaintiffs' attorney, Jeffrey A. Rothman, as set forth herein.

     II.    Section 2 of the Stipulation of Settlement refers to the agreement between the Defendant and the Plaintiffs' attorney to pay structured attorney's fees to said attorney.   This

agreement is the agreement reached with respect to the payment of attorney's fees between the Defendant and the Plaintiffs' attorney.


AGREEMENT

The parties hereto hereby agree as follows:

A.    Release and Discharge

The City of New York offers, and the Attorney hereby accepts, the up-front immediate payment and the future periodic payments set forth below in full and complete discharge of his claim, lien and right of recovery as and for attorney's fees, costs, and expenses from the sums being paid or to be paid by The City of New York, on behalf of Defendants, in settlement of the actions set forth in Recital I above.  This release, by Attorney, shall inure to the benefit of all parties to the underlying action, including their respective successors and assigns and shall be a fully binding and complete release of all claims for attorney's fees, costs, and expenses, save only the executory provisions of this agreement.


B.    Payments

(i) In consideration of the release set forth above, The City of New York, on behalf of the Defendants, hereby agrees to pay the Attorney the following sums in the following manner:

1.   An up-front payment of $132,316.00 payable to Jeffrey A. Rothman, Esq.

2. Future periodic payments as set forth in Exhibit "A" attached hereto and made part of this agreement.  The cost to The City of New York of the future periodic payments is Five Hundred Thousand dollars ($500,000.00), disclosure of which has been required as a condition of settlement. No part of the sum being paid by The City of New York to provide future periodic payments as set forth in this Agreement may be paid directly to the Attorney, inasmuch as the parties negotiated for a structured payout of the attorney's fee herein.

(ii) The term "guaranteed" as it is used in Exhibit "A" hereto shall be construed to mean "payments that will be made whether the Attorney Payee is alive or not at the time the payment is due."  Should the Attorney Payee expire prior to receipt of all payments described as "guaranteed", the remainder of the "guaranteed" payments shall be payable as set forth in Section H below entitled "Attorney's Beneficiary".


C.    Attorney's Rights to Payments

The future periodic payments described in para. B (i) (2) above cannot be accelerated, deferred, increased or decreased by the Attorney and no part of the payments called for herein or any

specific assets of The City of New York are to be subject to execution of any legal process for any obligation of the Attorney in any manner, nor shall the Attorney have the power to sell or mortgage or encumber same, or any part thereof, nor anticipate the same, or any part thereof, by assignment or otherwise. Any attempt by Attorney to so assign, anticipate, pledge or encumber any annuity payments shall be null and void and shall not affect the Attorney's rights to receive annuity payments.

        D.     Right to Execute an Assignment of Liability

It is understood and agreed by and between the parties hereto that The City of New York has elected, as a matter of right and in its sole discretion, to assign its duties and obligations to make the future periodic payments as set forth in Exhibit "A" to BARCO Assignments Ltd. ("Assignee"). It is understood that Liberty Mutual Insurance Company will provide a Certificate of Guarantee that allows for Liberty Mutual Insurance Company to assume the responsibility to make any and all payments under the annuity contract in the event that Liberty Life Assurance Company of Boston were unable to make said payments. Liberty Life Assurance Company of Boston will distribute a Notice of Financial Commitment to BARCO Assignments Ltd. with the contract.

Such assignment is hereby accepted by Attorney without right of rejection and in full discharge and release of the duties and obligations of The City of New York to make the future periodic payments set forth on Exhibit "A". The parties hereto expressly understand and agree that upon the assignment of its duties and obligations to make such future periodic payments being made by The City of New York to Assignee pursuant to this agreement, all of the duties and responsibilities otherwise imposed upon The City of New York by this agreement with respect to such future payments shall instead be binding solely upon Assignee. The Attorney further and fully recognizes and agrees that the Assignee shall be Attorney's sole obligor with respect to the obligations assigned, and that all other releases that pertain to the liability of the Defendant, The City of New York, and all Releasees shall thereupon become final, irrevocable and absolute.

Upon completion of the Non-Qualified Assignment described in Section E below, the City of New York shall have no further obligation to Attorney with respect to the future periodic payments. Attorney acknowledges, and the Parties agree, that a complete novation with no recourse will be accomplished upon execution of the assignment described in section E below, and that neither the City of New York, nor any other defendant, shall have any obligation whatsoever for the future periodic payments once the Non-Qualified Assignment has been fully executed.

        E.   Consent to Non-Qualified Assignment

With respect to Exhibit "A", Attorney acknowledges and agrees that The City of New York may enter into a Non-Qualified Assignment with BARCO Assignments Ltd. (Attached hereto as Exhibit "B".) BARCO Assignments Ltd.'s obligation for payment of the Periodic Payments shall be no greater than that of The City of New York (whether by judgment or agreement) immediately preceding the transfer of the Periodic Payments obligation.

Any such transfer, if made, shall be accepted by the Attorney without right of rejection and shall completely release and discharge The City of New York from the Periodic Payments obligation assigned to BARCO Assignments Ltd. The Attorney recognizes that, in the event of such an assignment, BARCO Assignments Ltd. shall be the sole Obligor with respect to the Periodic Payments obligation, and that all other releases with respect to the Periodic Payments obligation that pertain to the liability of The City of New York shall thereupon become final, irrevocable and absolute, even in the event of the default and/or failure to pay the future periodic payments, by reason of the insolvency, liquidation, receivership, bankruptcy or other event or financial calamity affecting the Assignee, Annuity Issuer, or any Corporate Guarantor.

F.    Right to Purchase An Annuity

The City of New York or its Assignee may, for its own convenience, fund its obligation to make the future periodic payments under the terms of this agreement as set forth in Exhibit "A" through the purchase of an annuity from Liberty Life Assurance Company of Boston. Neither Attorney nor anyone acting on Attorney's behalf: shall have any right of or incidence of ownership whatsoever in the annuity policy; shall have any right to accelerate or defer payments due from The City of New York or its Assignee; shall have any right to increase or decrease any payments due from The City of New York or its Assignee; shall have any other right of dominion or control of or over the annuity policy, which shall be owned exclusively by The City of New York or its Assignee. The City of New York and/or the Assignee may have Liberty Life Assurance Company of Boston mail payments directly to the Payee/Payment Recipient.

G.    Right to Enter Into A Non-Qualified Assignment

The City of New York reserves the right to fund the liability to make the Periodic Payments described in Exhibit" A" by entering into a Non-Qualified Assignment with BARCO Assignments Ltd. The City of New York may have BARCO Assignments Ltd. remit payments directly to the Attorney Payee. The Attorney Payee shall be responsible for maintaining a current mailing address for Attorney Payee with BARCO Assignments Ltd.

H.    Beneficiary

In the event of the death of Attorney Recipient, all payments specified in Exhibit "A" to be made by The City of New York or its Assignee pursuant to the provisions of this agreement that have not been paid as of the date of said Attorney Recipient's death, shall be continued to be paid on the dates specified therein to Carmen Zepeda or to any such person he may so designate. Attorney Recipient may request in writing that Assignee change the beneficiary designation under this Agreement. Assignee will do so but will not be liable, however, for any payment made prior to receipt of the request or so soon thereafter that payment could not reasonably be stopped. Attorney Recipient or a duly authorized representative of the Attorney Recipient shall be responsible for maintaining accurate address and mortality information with The City of New York or its Assignees.

I.      Supplementary Documents

All parties to this Attorney's Fee Agreement agree to execute any and all supplementary documents and to take all actions required to implement and to give full force and effect to the terms and intent of this agreement.

J.      Warranty of Capacity to Execute Agreement

The Attorney represents and warrants that no other person, or entity, including any other attorney or law firm has or has had any interest or lien on the attorney's fee referred to in this Attorney's Fee Agreement except as otherwise set forth herein and that Attorney has the sole right and exclusive authority to execute this Attorney's Fee Agreement and receive the sum or sums specified in it; and that Attorney has not sold, assigned, transferred, conveyed, or otherwise disposed any part of the fee referred to in this Attorney's Fee Agreement.

K.      Discharge of Obligation

The obligation assumed by the Assignee to make each Periodic Payment shall be fully discharged upon the mailing of a valid check or electronic funds transfer in the amount of such payment on or before the due date to the last address on record for the Payee or Beneficiary with the Annuity Issuer. If the Payee or Beneficiary notifies the Assignee that any check or electronic funds transfer was not received, the Assignee shall direct the Annuity Issuer to initiate a stop payment action and, upon confirmation that such check was not previously negotiated or electronic funds transfer deposited, shall have the Annuity Issuer process a replacement payment.

L.      Entire Agreement and Successors in Interest

This Attorney's Fee Agreement contains the entire agreement between the Attorney and The City of New York with regard to the matters set forth herein and shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors, and assigns of each.

M.      Representation of Comprehension of Document

In entering into this Attorney's Fee Agreement, the Attorney represents that Attorney has read the terms of this Attorney's Fee Agreement and that those terms are fully understood and voluntarily accepted by Attorney. Neither The City of New York, the Assignee, nor the Annuity Issuer make or have made any representations regarding the taxation of payments made under paragraph B (i)(1) of this Agreement. The Attorney represents that he has relied exclusively on his own analysis or on tax advice provided by his own tax advisor.

N.    Governing Law

This Settlement Agreement shall be construed and interpreted in accordance with laws of the State of New York.

O.    Multiple Counterparts

This Agreement may be executed by the parties in multiple counterparts (although not required) and all of such counterparts so executed shall collectively constitute this one Agreement and shall be deemed to establish this one Settlement Agreement.

P.    Captions and Paragraph Headings; Construction

Captions and Paragraph headings used in this Agreement are for convenience only and are not a part of this Agreement and shall not be used in construing it.   The terms, conditions and other provisions of this Agreement have been negotiated between the parties, with each party having had the benefit of its own legal attorney.   The construction and interpretation of any clause or provision of this Agreement shall be construed without regard to the identity of the party that prepared this Agreement, and no presumption shall arise as a result that this Agreement was prepared by one party or the other.

Q.    Severability

In the event that any one or more of the provisions of this Agreement shall be held invalid, illegal or unenforceable in any respect by a court of competent jurisdiction, the validity, legality and enforceability of the remaining provisions of this Agreement shall not in any way be affected or impaired thereby.

R.    Effectiveness

This Agreement shall become effective after all of the parties have executed this Agreement. By his or her signature below, each party represents and warrants that he or she has the full authority to bind the person, persons or entity for whom execution of this agreement is being made.

Executed this 27 day of *February*, 2014.

Attorney Recipient                              The City of New York

_2/27/14_                              By: _____
Jeffrey A. Rothman, Esq.                    Muriel Goode-Trufant
                                            Chief of Division, Special Federal
                                            Litigation

A C K N O W L E D G E M E N T:

STATE OF *New York* )
                    )  ss.:
COUNTY OF *New York* )

    On the 27 day of *February*, 2014 before me, the undersigned, personally appeared
Jeffrey A. Rothman, personally known to me or proved to me on the basis of satisfactory evidence to
be the individual whose name is subscribed to the within ATTORNEY'S FEE AGREEMENT, and
acknowledged to me that he executed the same in his capacity, and that by his signature on this
ATTORNEY'S FEE AGREEMENT, the individual, or the person upon behalf of which the
individual acted, executed the ATTORNEY'S FEE AGREEMENT.

_____
Notary

JAIME _____
Notary Public, State of New York
No. 02C_____
Qualified in West ___ County
Commission Expires   2/3/15 ac

## EXHIBIT "A" - BENEFIT PAYMENTS

For:            Jeffrey A. Rothman

Payee:         Jeffrey A. Rothman


Beginning 6/15/2015, $100,084.86 annually, guaranteed for 5 years, with the last guaranteed payment on 6/15/2019.


Beneficiary: Carmen Zepeda, partner


Payee may request in writing that Assignee change the beneficiary designation under this agreement.  Assignee will do so but will not be liable, however, for any payment made prior to receipt of the request or so soon thereafter that payment could not reasonably be stopped.

Exhibit "B"
## Non-Qualified Assignment and Release
## of Periodic Payment Obligation

"Payee (Attorney)"     Jeffrey A. Rothman

"Assignor"          The City of New York

"Assignee"          Barco Assignments Ltd.

"Annuity Issuer"       Liberty Life Assurance Company of Boston

"Effective Date"       June 5, 2014

This Agreement is made and entered into by and between the parties hereto as of the Effective Date with reference to the following facts:

A.   Payee has negotiated a settlement that results in the obligation of Assignor to make periodic payments to Payee as stated in Addendum No. 1 (the "Periodic Payments"); and

B.   The parties desire to effect an assignment of Assignor's periodic payment liabilities to Assignee.

NOW, THEREFORE, in consideration of the foregoing and other good and valuable consideration, the parties agree as follows:

1.   The Assignor hereby assigns and the Assignee hereby assumes all of the Assignor's liability to make the Periodic Payments. The Assignee assumes no liability to make any payment not specified in Addendum No. 1.

2.   The Assignee's liability to make the Periodic Payments is no greater than that of the Assignor immediately preceding this Agreement. Assignee is not required to set aside specific assets to secure the Periodic Payments. The Attorney has no rights against the Assignee greater than a general creditor. None of the Periodic Payments may be accelerated, deferred, increased or decreased and may not be anticipated, sold, assigned or encumbered.

3.   The obligation assumed by Assignee with respect to any required payment shall be discharged upon the mailing on or before the due date of a valid check in the amount specified to the address of record.

4.   This Agreement shall be governed by and interpreted in accordance with the laws of New York.

5.   The Assignee may fund the Periodic Payments by purchasing an annuity contract or funding agreement issued

RECEIVED
MAY 1 , 2014
SO - OPS

# Duplicate

by the Annuity Issuer. All rights of ownership and control of such annuity contract or funding agreement shall be and remain vested in the Assignee exclusively.

6.    The Assignee may have the Annuity Issuer send payment under any annuity contract or funding agreement purchased hereunder directly to the payee(s) specified in Addendum No. 1. Such direction of payments shall be solely for the Assignee's convenience and shall not provide the payee with any rights of ownership or control over the annuity contract, funding agreement or against the Annuity Issuer.

7.    Assignee's liability to make the Periodic Payments shall continue without diminution regardless of any bankruptcy or insolvency of the Assignor.

8.    In the event that the Settlement is declared terminated by a court of law this Agreement shall terminate. The Assignee shall then assign ownership of any annuity contract or funding agreement purchased hereunder to Assignor, and Assignee's liability for the Periodic Payments shall terminate.

9.    This Agreement shall be binding upon the respective representatives, heirs, successors and assigns of the Payee, the Assignor and the Assignee and upon any person or entity that may assert any right hereunder or to any of the Periodic Payments.

10.    Payee hereby accepts Assignee's assumption of all liability for the Periodic Payments and hereby releases Assignor from all liability for the Periodic Payments.

Assignor: The City of New York

By: _____

Muriel Goode-Trufant, Chief of Division, Special Federal Litigation

Payee: _____ 2/27/14

Jeffrey A. Rothman

Assignee: Barco Assignments Ltd.

By: _____

Authorized Representative

Title _Director_

**Duplicate**

# Addendum No. 1
## Description of Periodic Payments

### Payee: Jeffrey A. Rothman

Beginning 6/15/2015, $100,084.86 annually, guaranteed for 5 years, with the last guaranteed payment on 6/15/2019.

Beneficiary: Carmen Zepeda, partner

Payee may request in writing that Assignee change the beneficiary designation under this agreement.  Assignee will do so but will not be liable, however, for any payment made prior to receipt of the request or so soon thereafter that payment could not reasonably be stopped.

Initials

Assignor _____ 2/27/14

Payee _____ 2/27/14

Assignee _____

Duplicate